# James McHaney

*v.*

## The County of Marion.

1. County court—*power to bind county by their declarations.* The members of the county court can only bind their county, in matters of claims, when acting as a court, and their records are the only admissible evidence of their judicial acts.

2. Evidence—*parol, to show promise of county court.* Where a party made out a claim against a county, verified by his oath, charging only $4 per day for his services as county superintendent, which the county court allowed, and issued orders therefor, it was *held*, in a suit by such party against the county, to recover the other dollar per day given by law, that parol evidence was not admissible to show that the court agreed with him to pay him such additional *per diem* if they became satisfied he was entitled thereto, and that he received the $4 per day under protest.

3. Former recovery—*whether a bar.* Although an officer may be entitled to $5 per day for services, yet if he makes out a bill of the same at $4 per day, verified by his oath, which is allowed, and paid by the county board, he will be precluded from afterwards insisting upon payment of the other dollar per day.

Appeal from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.

Messrs. Bryan & Kagy, for the appellant.

Mr. Henry C. Goodnow, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellant's claim is for 296 days' services as county superintendent of schools for the county of Marion, at the rate of $1 per day. He presented his claim to the county court of that county for such services, charging only $4 per day, verified by his affidavit, which was allowed by the county court as in full for his services, and county orders were drawn, in his favor, on the county treasurer, for the amount. He now insists that he should have been allowed at the rate of $5 instead of $4 per day, and, on the trial, he offered to introduce parol evidence to the effect that, when the county court allowed him $4 per day, its members agreed with him that, if they became satisfied the law authorized them to pay him $5 per day, they would make an additional allowance to that effect; and, also, that he received the $4 per day under protest.

The court refused to admit the evidence, to which appellant excepted, and this is the principal error assigned for the reversal of the judgment.

We have been referred to no authority, and we are aware of none, under which this evidence is admissible.

The members of the county court can only bind the county, in matters of this kind, when acting as a court, and their records are the only admissible evidence of their judicial acts.

When appellant filed his account, verified by his affidavit, it should have been for what he claimed to be due him. If he had intended to charge $5 per day, and so made out his account, it would, under the law in force at the time, have been the duty of the court to have allowed it. If they had failed to allow but $4 per day, the law gave him the right to appeal to the circuit court, where their judgment would have

been corrected. But they were under no obligation, and would have been guilty of a dereliction of duty had they done so, to allow him more than he charged.

We are of opinion that the record, as he has, by his own conduct, authorized it made, is a complete bar to the present suit, and the judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*