THE PEOPLE *ex rel.* Peter Greenwood *et al.*

*v.*

THE BOARD OF SUPERVISORS OF MADISON COUNTY.

*Filed at Mt. Vernon June 16, 1888.*

1. JURY—*challenge to the array—grounds therefor—presumption.* Although a jury may have been irregularly obtained, a challenge to the array will not be sustained where it is not shown that a positive injury has resulted in consequence of the refusal of the court to quash the panel.

2. On objection to the array of jurors in a case, the clerk testified that the panel was obtained upon an order of the judge made on a preceding day, directing the issuance of a special *venire* for twenty-four men, and that upon that order he issued the writ to the sheriff: *Held,* that the evidence did not rebut the presumption that the clerk performed his duty by repairing to the county clerk's office, and there drawing the names of the jurors.

3. PRACTICE—*directing what the verdict shall be.* Where there is not sufficient evidence to support or justify a verdict for the plaintiff, it is correct practice to instruct the jury to find a verdict for the defendant.

4. MANDAMUS—*of the petition—its requisites.* The statute doing away with the alternative writ of *mandamus,* and requiring the defendant to answer, plead or demur to the petition, has not modified or dispensed with the common law requirement resting on the relator to set forth and show a clear right to the relief demanded. It must appear from the petition that the defendant is under a legal obligation to do and perform the act sought to be coerced, and every material fact to show such legal duty must be averred.

5. SAME—*of the burden of proof.* Where the petition of the commissioners of highways for a *mandamus* against the county board to compel a county appropriation for the construction of a bridge, makes a *prima facie* case, and issues of fact are formed thereon, it becomes necessary for the relators to maintain, by competent testimony, the truth of every material

averment, taking upon themselves the burden that rests upon the plaintiff in an ordinary action at law, when the averments of the declaration are put in issue.

6. Commissioners of highways—*record of proceedings.* The commissioners of highways are a *quasi* corporation, powerless to act except together and as a body, and they are required by law to keep a record of their proceedings at all meetings.

7. Evidence—*parol evidence—as to matters which ought to be of record.* Where the law requires records of proceedings to be kept, they are the only lawful evidence of the action to which they refer, and such record can not be contradicted, aided or supplemented by parol.

8. Same—*as to proceedings of commissioners of highways.* On a proceeding by *mandamus* by the commissioners of highways against the county board, to compel an appropriation in aid of the construction of a bridge, the relators offered to prove, by parol, that at a certain meeting they determined to build the bridge, that it was necessary, that its construction would be an unreasonable burden on the town, and that a tax was levied by them to raise half the estimated cost. They also offered parol evidence in respect to their estimate of the sum needed for making and repairing bridges for the year, including the cost of the proposed new bridge; that an estimate of the cost of such bridge was procured from the county surveyor, of which no record was kept; of the rate per cent of the levy for bridge purposes, and of the amount collected and turned over to the commissioners, and what part of it was for the new bridge,—to all of which the court sustained objections: *Held,* that the ruling was correct, as all the facts offered to be proved were or ought to have appeared of record.

9. The same rules of law apply to the commissioners of highways, in respect of their corporate action, as are applied to other municipal corporations; and the record of their action required by law to be made and kept, becomes the best, and if in existence and capable of being produced, the only evidence thereof.

10. Bridges—*county aid—prerequisites.* Commissioners of highways, to avail of the provisions of section 110 of the Road and Bridge act, giving them a right to demand county aid in the construction or repair of a bridge, must make it appear, first, that a necessity exists for its construction or repair; second, that its construction or repair will be an unreasonable burden on their town; third, that the cost thereof will exceed such sum as can be raised in any one year by ordinary taxation for bridge purposes in the town; and fourth, that one-half the necessary funds therefor has been provided by the town. These facts are jurisdictional, and without their existence and concurrence the county board has no power to appropriate funds from the county treasury under this section.

11. Same—*who to ascertain and determine the existence of these jurisdictional facts.* The determination of these jurisdictional facts is, by the

statute, left to the commissioners of highways. They must, when acting together as a board, determine that the construction or repair of a bridge in their town is necessary; that its construction or repair would be an unreasonable burden on the town; that the cost thereof will exceed the sum that can be raised in one year by ordinary taxation for bridge purposes, and that they, by means within their control, have provided one-half of the necessary expense thereof. Of this determination they must keep a record. It can not be shown by parol evidence.

12. SAME—*granting partial aid, as an estoppel to refuse the residue.* The fact that a county board, when applied to by the commissioners of highways for an appropriation of one-half the cost of a bridge, makes an appropriation of a less sum than demanded, can not be held to estop the board from refusing the balance, when it appears that it was under no legal obligation to appropriate any sum whatever.

13. SAME—*evidence of requisite facts.* The fact that the county board was petitioned for county aid may be shown by the petition itself, but such petition, though made and signed by the commissioners, can not be regarded as proof of the facts therein recited, so as to supply the absence or take the place of the record of the commissioners' action required by law to be kept.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Mr. ALEX. W. HOPE, for the appellants:

The court erred in refusing the motion to quash the panel of jurors because they were not drawn as required by law. Rev. Stat. chap. 78, secs. 8, 12; *Lincoln* v. *Stowell,* 73 Ill. 246; *Insurance Co.* v. *Nelson,* 75 id. 548.

Parol evidence was not competent to contradict the facts stated on the record, but was admissible to show facts not stated therein, unless the statute requires all matters to appear of record, and makes the record the only evidence. Dillon on Mun. Corp. secs. 237, 238; *McManus* v. *McDonough,* 107 Ill. 96.

The records of highway commissioners are *ex parte.* They are not judicial records, or kept by men of the same degree of ability. The records of the justice of the peace are not required to be kept with technical precision. *Madison County*

v. *Rutz*, 63 Ill. 65; *Bliss* v. *Harris*, 70 id. 343; *Brennan* v. *Shinkle*, 89 id. 604.

The objection that the petition to the county board is defective, came too late on the trial.  The time to object to the form of the petition was when it was presented to the board. The doctrine of estoppel is applicable to municipal corporations.  *Holmes* v. *City of Mattoon*, 111 Ill. 30; *Logan County* v. *City of Lincoln*, 81 id. 156; *Bank* v. *Bowen*, 80 id. 541.

In view of the conduct and acts of the board of supervisors toward the petition presented by the highway commissioners to the board, in receiving it and acting upon it, should be considered a waiver of any defects, especially when the rights of the public are concerned, as they are in the present case.  And it would be unjust to permit them to object for the first time upon the trial of this case, when it involves no question of meritorious defense.  Bigelow on Estoppel, (3d ed.) pp. 503, 504, and authorities in note, and p. 506, and authorities in note.

The Appellate Court erred in its decision that the instruction given by the circuit court to the jury, to find for the defendants, was a proper instruction.  This instruction to find for the defendants is tested by the same rule as a demurrer to the evidence.  A demurrer to the evidence not only admits the facts stated therein, but every fact the evidence tends to prove, and every conclusion that the jury might fairly or reasonably infer from the evidence.  *Philips* v. *Dickerson*, 85 Ill. 11; *Pennsylvania Co.* v. *Conlan*, 101 id. 93.

The following authorities establish the law of this case: *People* v. *Supervisors*, 100 Ill. 640; *People* v. *McHenry County*, 110 id. 93; *Town of New Boston* v. *Supervisors*, id. 197; *Supervisors* v. *People*, id. 511; *Supervisors* v. *People*, id. 577.

It is an error, in rendering judgment against a municipal corporation, to award an execution against such corporation. *Kinmundy* v. *Mahan*, 72 Ill. 462; *City of Bloomington* v. *Brokaw*, 77 id. 194; *City of Elgin* v. *Eaton*, 83 id. 535; *Village*

22—125 ILL.

*of Kansas* v. *Juntgen,* 84 id. 360; *City of Paris* v. *Cracraft,* 85 id. 294; *City of Morrison* v. *Hinkson,* 87 id. 587.

Messrs. DALE & BRADSHAW, and Mr. GEORGE F. McNULTY, for the appellees:

The right of the party claiming the writ of *mandamus* must be clear and certain, absolute and positive, perfect and complete. This right must be clearly established. High on Ex. Legal Rem. secs. 9-550; *People* v. *Salomon,* 46 Ill. 415; *Railroad Co.* v. *County Clerk,* 74 id. 27; *People* v. *Village of Crotty,* 93 id. 180; *County of St. Clair* v. *People,* 85 id. 396; *People* v. *Davis,* 93 id. 133; *Supervisors* v. *People,* 110 id. 577.

Every material fact necessary to show the plain duty of the respondent to act in the premises, must be set forth by the party seeking to compel the performance of the act; and in this case every material fact must appear in the petition of the highway commissioners to the county board, and the action of the board is rightly based on the facts stated in the petition presented to them. *Hall* v. *People,* 57 Ill. 316; *People* v. *City of Elgin,* 66 id. 506; *People* v. *Village of Crotty,* 93 id. 180; *Supervisors* v. *People,* 16 Bradw. 305.

Where the statute provides that a municipal corporation shall keep correct minutes of its proceedings, its corporate acts can only be shown by such records. Oral evidence is not sufficient. In this case, the action of the commissioners being in issue, had to be proved. 1 Dillon on Mun. Corp. secs. 229, 247, 237, 238; *McHaney* v. *County of Marion,* 77 Ill. 488; *Spangler* v. *Jacoby,* 14 id. 297; *Steckart* v. *East Saginaw,* 22 Mich. 104; *Stevenson* v. *Bay City,* 26 id. 44; *Mayhew* v. *District Gay Head,* 13 Allen, 129; *Morrison* v. *Lawrence,* 98 Mass. 219; *Hunneman* v. *Fire District,* 37 Vt. 40; *Board* v. *Chitwood,* 8 Ind. 504; *Louisville* v. *McKegney,* 7 Bush, 652; *Jordan* v. *School Directors,* 38 Me. 169.

Even where the law regarding the keeping of minutes of the proceedings is merely directory, if any minutes at all are

kept they can not be added to by parol evidence. In such cases it is only where no minutes at all are made, that parol evidence is admissible. Dillon on Mun. Corp. sec. 237, note, citing *Taylor* v. *Henry,* 2 Pick. 403.

The court did not err in instructing the jury to find for the defendants, because the petitioners failed to prove, legally, that they ever decided to build a bridge or had raised one-half of the funds. When the verdict, if given, must be set aside, the court should instruct for the defendant. The evidence being excluded as improper proof, could not tend to prove anything. *Simmons* v. *Railroad Co.* 110 Ill. 340; *Railway Co.* v. *O'Conner,* 115 id. 261.

The court did not err in denying the motion to quash the array of jurors. A court has a right to order a special *venire.* *Stone* v. *People,* 2 Scam. 326; *Blemer* v. *People,* 76 id. 270; *Mackin* v. *People,* 115 id. 315.

The court did not err in taxing costs against the petitioners. Rev. Stat. (Starr & Curtis,) chap. 87, sec. 5, p. 1588; *Pike County* v. *People,* 11 Ill. 202.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Various errors are assigned upon this record. The first arises upon the ruling of the circuit court in respect to the jury to which the issues were submitted. Appellants objected to the whole array of jurors, because they had not been drawn by the clerk of the court, as required by the statute, but had been selected by the sheriff, and moved to quash the *venire,* and which motion was overruled. By agreement of parties, the statement of the clerk as to the manner in which the panel of jurors was obtained, was received. From the clerk's statement it appears the panel was obtained upon an order of the circuit judge, made the preceding Wednesday, ordering the issuance of a special *venire* for twenty-four men, and upon that order the clerk issued the writ to the sheriff; and this is all the evidence disclosed by the record.

The objection is met by two sufficient answers: First, if it be assumed that the jury was obtained irregularly, a challenge to the array will not be sustained, where it is not also shown that a positive injury has been sustained in consequence of the refusal of the court to quash the panel. (*Wilhelm* v. *The People,* 72 Ill. 468, citing *Mapes* v. *The People,* 69 id. 523.) There is no pretense, here, of injury to appellants, or that the trial was not fair. What the jury did in this case, as will be seen hereafter, was to return a verdict as directed by the court. The issues were taken from the jury entirely, and they made no independent finding whatever. And second, there is nothing in this record, save the language of the motion itself, that shows, or tends to show, that every requirement of the statute as to the drawing of jurors was not observed. The evidence is, that the panel was obtained upon an order of the judge of the court directing the clerk to issue a special *venire* to the sheriff for a given number of jurymen. *Non constat,* the clerk repaired, as by law required, to the office of the county clerk, and there drew the twenty-four names from the proper box, and inserted those names in the *venire* issued to the sheriff. Presumptively the clerk did his duty, and that presumption appellants should have overcome by proof. The record contains no proof whatever tending to impeach the regularity of the panel or the qualifications of the jurors.

The main controversy, however, arises upon the instruction given by the court, directing a verdict for the defendant. As the case stood at the time the instruction was given, it was entirely competent for the court, and correct practice, to direct a verdict for the defendant, for the reason that there was not before the jury sufficient evidence to support a verdict for the relators. But back of this instruction lay the action of the court in rejecting the evidence offered by the relators. If the offered evidence was competent, and tended to sustain the issues on behalf of the relators, its rejection was erroneous and the instruction improperly given.

Under the practice prevailing prior to the present statute relating to *mandamus*, the alternative writ became the foundation of all subsequent proceedings in the case, answering the same purposes as the declaration in ordinary actions. This being so, it was necessary that the alternative writ should show upon its face a clear right in the relator to the relief demanded. Therein the relator was required to distinctly set forth all the material facts on which he relied, so that the same could be admitted or traversed. (*Canal Trustees* v. *The People*, 12 Ill. 248.) The statute referred to, (Starr & Curtis, 1584,) while it has changed the practice, dispensing with the issuance of the alternative writ, and requiring the defendant to answer, plead or demur to the petition, has not modified or dispensed with the common law requirement resting upon the relator, to set forth and show a clear and indubitable right to the relief demanded. In every case, to entitle the relator to relief, it must appear that the defendant is under a legal obligation to do and perform the act required, and every material fact necessary to show such legal duty must be averred in the petition. *Hall* v. *The People ex rel.* 57 Ill. 307; *The People* v. *City of Elgin*, 66 id. 507; *The People ex rel.* v. *Village of Crotty*, 93 id. 180.

The act in relation to roads and bridges, under township organization, approved May 28, 1879, and in force July 1, 1879, (Laws 1879, p. 257,) is broad and comprehensive in its terms and provisions, embracing within its scope the establishment, alteration, construction, repair, maintenance and supervision of roads and bridges within organized towns. The immediate control and supervision of roads and bridges in a town was vested in three commissioners of highways, who were required to meet at a designated time and place, and to organize by choosing one of their number treasurer, and thereafter to fix their own time and place of meeting; and by the 13th section of the act, the commissioners were required to "keep a correct record of their proceedings at all meetings." Although reference is here made to the particular act named, in prior as also

in subsequent acts, similar provisions appear and like powers were vested in and duties imposed upon these boards of highway commissioners, and they are now, and were under this particular act, regarded and held to be a *quasi* corporation, powerless to act, except together and as a body, *(Commissioners of Highways* v. *Baumgarten,* 41 Ill. 254, and *McManus* v. *McDonough,* 107 id. 95,) and of which action, as we have seen, under the act of 1879, they were required to "keep a correct record." It seems clear that the same rules of law are to be applied to this corporate body in respect of its corporate action, and the evidence of such action, as are applied to other municipal corporations, and that the record of its action required by law to be made and kept, becomes the best, and if in existence and capable of being produced, the only evidence thereof.

The 110th section of the act of 1879 provided under what circumstances a moiety of the expense of the construction of a bridge in any town might be borne by the county. To avail of such county aid, and as the basis of any action to that end by the county authorities, it must appear, first, that a necessity existed for the construction or repair of such bridge; second, its construction or repair must be an unreasonable burden on the town; third, the cost must exceed such sum as could be raised in one year by ordinary taxation for bridge purposes in the town; and fourth, that one-half the necessary funds therefor had been provided by the town. These facts are, by the law, made jurisdictional, and without their existence and concurrence the county board was without power to appropriate money from the county treasury for the purpose stated. The determination of these jurisdictional facts is, by the act, left to the commissioners of highways. Acting as, alone, they had the power to act, together and as a board, at a meeting of the board they were to determine that the construction or repair of a bridge within their territorial jurisdiction was necessary; that its construction or repair would be an unreasonable burden on the town; that the cost thereof would exceed the sum

that could have been raised in one year by ordinary taxation for bridge purposes in the town, and that they, by means under their control, had provided for one-half the necessary expense, of which determination they were required by the act to make and keep a record; and this same section of the act (section 110) made it the imperative duty of the county board, whenever the commissioners of highways of a town brought themselves within the provisions of the act, to appropriate, out of the county treasury, one-half the cost of the proposed construction or repair. In the case under consideration, the commissioners of highways of Wood River township sought to avail of the provisions of the act referred to, and if the case made by their petition and proofs was such as to bring them within the law, the writ should have been awarded.

By the averments of relators' petition a *prima facie* case was made. Issue being taken thereon, it became necessary for relators to maintain, by competent testimony, the truth of every material averment, taking upon themselves the same burden that rests upon the plaintiff in an ordinary action at law, where the averments of the declaration are put in issue. To meet this requirement, the relators produced, as a witness, the town clerk of Wood River, who was also the clerk of the commissioners of highways for the year 1882, who testified that the commissioners held meetings on April 19, August 19 and September 2, 1882; and on his being asked if the commissioners of highways of the town did not determine to build a bridge, objection was interposed by the defendants, and sustained by the court. This ruling of the circuit court was unquestionably correct. As we have before stated, the determination by the commissioners of highways that a necessity existed for the construction or repair of a bridge, as a basis for an application to the county board for county aid under the statute, was an exercise of a corporate power vested in the commissioners of highways, which could only be at a meeting of the commissioners, and be shown by the record

required by the law to be made and kept.    Before the county board could be legally moved in the matter, or any legal duty be cast upon them, the commissioners must have determined that such necessity existed, and have preserved the evidence of that fact in their record.    In the proceeding, then, before the circuit court, the corporation (the commissioners of highways) could only speak by their record, unaided by parol testimony.

The principles announced seem to be well supported by authority.    Where the law requires records to be kept, they are the only lawful evidence of the action to which they refer, and such record can not be contradicted or supplemented by parol. The whole policy of the law would be defeated if they could rest partly in writing and partly in parol.    *Stevenson* v. *Bay City*, 26 Mich. 44; *Hall* v. *The People*, 21 id. 456; *Morrison* v. *City of Lawrence*, 98 Mass. 219; *Hanneman* v. *Fire District*, 37 Vt. 40; *Mayhew* v. *District of Gay Head*, 13 Allen, 129. So where county commissioners and township trustees were required by law to keep a true record of their proceedings, it was held that they could "only speak by their record" when legally assembled.    (*Commissioners of Fayette County* v. *Chitwood*, 8 Ind. 504.)    And where school districts are required by law to keep an account of their proceedings by a sworn clerk, such proceedings can only be proved by the record.    Offered parol proof was rejected. (*Jordan* v. *School District*, 38 Maine, 164.)    And in respect of the county court, in counties not under township organization, constituting, in such counties, the county board having the management and control of the fiscal affairs of the county, it was held that in matters of allowance or rejection of claims against the county, the records of the court are the only admissible evidence of their official acts.    *McHaney* v. *Marion County*, 77 Ill. 488.

The relators read in evidence the record of the commissioners of highways, of August 19, 1882, as follows:    "The amount of taxes was fixed at forty (40) cents for bridges, and twenty (20) cents for roads.    For making and repairing bridges,

$6000.40; for other purposes, $2100.01,—total, $8100.41.
Moved to petition county for aid in building bridge over Wood
river,—carried;" and offered, in that connection, to prove by
their clerk, that at the meeting on August 19 it was determined
to build the particular bridge; that it was necessary it should
be built; that its construction would be an unreasonable bur-
den on the township; that a tax was levied by the commis-
sioners for the purpose of providing one-half the estimated
cost thereof; that the estimated cost was $5000, and that the
memorandum on the records was the result of the determina-
tion and action of the commissioners. The court sustained an
objection to the offered testimony. The offered testimony was
in the highest sense material, and had it been embodied in the
record of the commissioners, it would have tended to establish
every material averment of the petition. But the imperfect
record of the determination and action of the commissioners
could not thus be cured and aided by parol. Considerations
of the gravest character require us to hold, that where the law
has required a record to be kept of corporate action by any
of the agencies of the State, the record alone can be resorted
to to establish such action, in all collateral proceedings.

Further offers of proof were made by relators, in respect
to the estimate by the commissioners of the sum needed for
making and repairing bridges for the year 1882, including one-
half the cost of this new bridge; that an estimate of the cost of
this bridge was procured from the county surveyor, (of which,
however, no record was made,) of the rate per cent of the levy
for bridge purposes, of the amount collected and turned over
to the commissioners, and what part of it was for this new
bridge,—to all of which objection was sustained. As will be
seen, every material fact offered to be proved by parol should
have appeared in the record of the action of the commissioners,
or was capable of proof by the public records of the county,
and the ruling of the circuit court was correct.

Relators did read in evidence their petition to the county board asking for county aid, and also the record of the action of the county board thereon, from which it appeared an allowance from the county treasury was made of $1000. The fact that the county board was petitioned for county aid, might, no doubt, be shown by the petition itself, but such petition, though made and signed by the commissioners, can not be regarded as proof of the facts recited therein, so as to supply the absence or take the place of the record of the action of the commissioners, required by the law to be kept. But the petition itself shows upon its face that at least one of the conditions prece-· dent,—provision made by the town for one-half of the cost of the proposed bridge,—did not exist. One-half the cost was $2500, and only $2200 of the amount raised was, it appears, available for this bridge. When, therefore, the court was asked to give the instruction directing a verdict for the defendant, it is manifest there was no evidence authorizing a verdict for the petitioner. The most that can be said of the record of the commissioners, made at their meeting August 19, is, that it tended to show that the commissioners had levied a tax of forty cents for bridge purposes and twenty cents for roads, the sum raised thereby, and a proposition to "petition the county for aid in building bridge over Wood river." None of the facts necessary to authorize them to demand aid from the county are shown thereby to have been found or determined by the commissioners. It was, however, shown that the county board appropriated $1000 for that purpose, and it is contended that the county is estopped thereby to question the validity and sufficiency of the action of said commissioners of highways. Unless the county board, by its action in making the appropriation of $1000 in a case where, under the law, they were not required or authorized to make any appropriation whatever, is estopped from afterwards refusing to make a further unlawful appropriation of $1500, there was no competent evidence before the jury proving or tending to prove the several material averments of relators' petition.

That the action of the county board in making the $1000 appropriation was wholly unauthorized by the statute under consideration, because of the non-existence of one or more of the jurisdictional facts, seems clear; and while it is true that the county board is vested with the control and management of the fiscal affairs of the county, its powers are such, only, as are given it by the law. Within the scope of the powers granted or necessarily implied, it may act. But we can not lend our sanction to the doctrine that an illegal and unauthorized exercise of power by a municipal corporation can be made the basis for compelling a repetition of such illegal act. There is no pretense that this appropriation was made under section 58, chapter 34, of the Revised Statutes, (Starr & Curtis, 662); but if it was, it would form no basis for the application of the doctrine of estoppel. The doctrine here announced is not at all inconsistent with former rulings of this court, that in a proper case the doctrine of estoppel may be invoked against municipal corporations. This case presents none of the elements necessary to an application of the doctrine of estoppel.

The court properly gave the instruction complained of. The relators had wholly failed to support, by competent testimony, the jurisdictional facts necessary to the maintenance of their petition. There were no controverted questions of fact to be passed upon and settled by the jury, and no testimony upon which a verdict for the relators could have rested, had one been returned. In such case, the practice is well settled that the court may direct a verdict for the defendant.

The modification, by the Appellate Court, of the judgment of the circuit court in respect to costs, was clearly correct. The proceeding was begun and conducted by appellants, not as individuals, but in their official character of commissioners of highways, and appellee's costs, for which it was entitled to judgment, were properly made a charge upon relators in the capacity in which they sued.

Perceiving no error in the judgment of the Appellate Court, it is affirmed.                                     *Judgment affirmed.*