THE PEOPLE *ex rel.* C. E. Yakel, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*item of county tax for "printing and publishing" is sufficiently definite.* An item of a county tax "for printing and publishing" is sufficiently definite in view of the printing that may properly be required by a county as well as the publishing of the proceedings of the meetings of the county board.

2. SAME—*what cannot be properly included in amount levied for salaries of county officers.* In determining what may be included in the amount levied for salaries of county officers, the salaries of the county clerk, circuit clerk, sheriff and treasurer, which are paid out of fees earned and collected, cannot be included; nor can the salary of the county superintendent of schools, janitor, or superintendent and matron of the county farm.

3. SAME—*highway commissioners must hold both the meetings required by statute.* The provisions of the statute requiring the highway commissioners to hold one meeting for the purpose of determining the tax rate to be certified, and another meeting, later, to determine and certify the amount necessary to be raised, are mandatory, and a failure to hold the first meeting renders the road and bridge tax invalid.

4. Same—*a judgment for the road and bridge tax should not be against all of defendant's property in the county.* A judgment against the property of a railroad company for the road and bridge tax of a certain township should not be against all of the defendant's property in the county but only against that portion thereof located in the township.

Appeal from the County Court of Fayette county; the Hon. J. H. Webb, Judge, presiding.

Arthur Roe, C. E. Pope, and H. F. Driemeyer, (Charles A. Schmettau, of counsel,) for appellant.

J. G. Burnside, State's Attorney, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The appellant filed objections to the application of the collector of Fayette county for judgment against its property for taxes, some of which were overruled, and from the judgment rendered an appeal has been taken.

The levy for county taxes included $3000 "for printing and publishing," and it is insisted that this item is too indefinite and embraces more than one purpose, and is therefore void. In *People v. Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312, an item for "printing, books and stationery, $800," was held sufficiently certain. It is the duty of the county board to cause a statement of the proceedings of each of its meetings to be published, and other printing may be properly required by the county. This objection was properly overruled.

The county levy included $2800 to pay for the construction of State aid roads, and the same objection is made to this item as was made in *People v. Kankakee and Seneca Railroad Co.* 265 Ill. 497, and for the reasons there given it was properly overruled.

Another item objected to was, $10,000 "to pay the salaries of county officers." It is insisted that the county judge, county superintendent of highways and the proba-

tion officer, whose salaries amount to $2500, were the only officers whose salaries could be paid from the county treasury. To these should be added the State's attorney, whose salary was $2500. Besides these, testimony was introduced to show that the other officers of the county, and their salaries, were as follows: County clerk, circuit clerk, sheriff and superintendent of schools, each $2000; treasurer, $1500; janitor, $480; coroner, $400; superintendent of county farm, $300; matron of county farm, $150; members of board of review, $600. The salaries of the county clerk, circuit clerk, sheriff and treasurer are payable only out of fees earned and collected by them. It is true that if they do not earn and collect, from other sources than the county, fees sufficient to pay their salaries they will be entitled to collect from the county fees for services rendered to the county to an amount equal to the deficiencies in their salaries if they have earned fees from the county to that amount. But the amount will not be collected as salary but as fees earned by services rendered, the same as fees are earned by services to individuals, and must be accounted for to the county as a part of the earnings of their respective offices. The county may become liable to pay these fees but cannot lawfully pay the salaries of these officers, and cannot, therefore, levy taxes for this purpose. The salary of the superintendent of schools is payable from the State school fund. The coroner receives no salary from the county. The janitor, superintendent and matron of the county farm are none of them county officers, and a separate item of the levy covered the pay of the members of the board of review. The item for the payment of salaries of county officers was excessive to the amount of $5000, and a proportionate amount should have been deducted from the amount for which judgment was rendered against the appellant's property.

Objection was made to the road and bridge tax of the towns of Carson and Hurricane on the ground that no semi-

annual meeting of the highway commissioners was held, as required by section 50 of the Road law, between the first Tuesday in August and the first Tuesday in September, for the purpose of determining the tax rate to be certified to the county board.  By section 56 a regular meeting is also required to be held on the first Tuesday in September, at which the highway commissioners are required, annually, to determine and certify to the board of supervisors the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges. This requirement was contained in the law prior to July 1, 1913, and it was held that it was mandatory, and that the commissioners had no power to levy a tax at any other time than the day fixed by the law.  The provision was intended for the protection of the tax-payer, and the exact time was fixed by law for the purpose of giving those interested a hearing if they desired it.  A construction which would permit the board to meet at another time and levy the tax would, in effect, deny persons interested the right to be heard, and such an unauthorized meeting affects the substantial justice of the tax.  (*Chicago and Northwestern Railway Co.* v. *People,* 197 Ill. 411; *Chicago and Northwestern Railway Co.* v. *People,* 193 id. 594; *Chicago and Alton Railroad Co.* v. *People,* 190 id. 20.)  This having been the construction of the statute, the legislature left the requirement for the meeting on the first Tuesday in September in the new law which was enacted in 1913, and added the further requirement of another meeting between the first Tuesdays of August and September for the purpose of determining the tax rate to be certified.  Before the meeting at which the rate shall be finally determined and certified to the county board the legislature saw fit to require a meeting for the purpose of determining what the rate should be.  The object of this meeting would seem to be to require time for deliberation before final determination and an opportunity to persons interested to be

heard. This provision of the statute was designed for the protection of the tax-payers and was intended to be obeyed. To hold it directory, only, to be observed or not, as the commissioners should choose, would practically nullify it. The objection to the road and bridge tax of these two townships should have been sustained.

An objection was made to the road and bridge tax of the town of Ramsey that the highway commissioners did not hold a meeting on the first Tuesday in September and did not at such meeting determine and certify to the county board the amount necessary to be raised by taxation for road and bridge purposes. This objection was not sustained by the evidence. On the contrary, the appellant proved by one of the commissioners, without objection, that such a meeting was held and such a certificate was made, and the certificate was received in evidence. No objection was made to this method of proof. The further objection was made to a part of the road and bridge tax of this township that the highway commissioners certified that $1026 had been agreed upon, allowed or awarded as damages for laying out, widening, altering or vacating roads and for ditching to drain roads, whereas no amount had been agreed upon. The evidence consisted of the record of the highway commissioners and the testimony of one of them, from which it appeared that from January 1, 1913, to the first Tuesday in September, when the meeting was held, $100 had been awarded for the purposes mentioned. The fiscal year extended from the first Tuesday in September, 1912, to the first Tuesday in September, 1913, and evidently this evidence failed to disprove the allowance during this period of time of the amount certified to. The objection was properly overruled.

Judgment was improperly entered against all the property of the appellant in the county instead of the town of Bowling Green for the road and bridge tax of Bowling Green township.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections to the road and bridge taxes of the towns of Carson and Hurricane and to the proportionate amount of the county tax indicated in this opinion, and to render judgment for the remainder of the county tax and for the road and bridge taxes of the towns of Ramsey and Bowling Green against the property of the appellant in the county and in those towns, respectively.

*Reversed in part and remanded, with directions.*