THE PEOPLE *ex rel.* Fred A. Eisele, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 10, 1915.*

1. TAXES—*meeting to determine road tax rate is essential.* The meeting of highway commissioners provided for in section 50 of the Roads and Bridges act of 1913 to fix the road tax rate is essential to the validity of the tax.

2. SAME—*record of meetings of highway commissioners must be kept.* In view of the various provisions of the Roads and Bridges act of 1913, particularly section 121, it is the duty of the town clerk to keep a record of the meetings of highway commissioners, notwithstanding the act in question omits the express provision of the former law requiring the clerk to keep a record of all the official acts and proceedings of the board in a well bound book provided for such purpose; and such being the case, the action of the commissioners can be shown only by the record.

COOKE, J., dissenting.

APPEAL from the County Court of Madison county; the Hon. J. E. HILLSKOTTER, Judge, presiding.

C. E. POPE, and H. F. DRIEMEYER, (CHARLES A. SCHMETTAU, of counsel,) for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Toledo, St. Louis and Western Railroad Company filed objections to the application of the collector of Madison county for a judgment and order of sale of its property for taxes. The court overruled the objections, and the railroad company has appealed from the judgment.

The taxes involved were the road and bridge taxes of the towns of Collinsville, New Douglas, Alhambra and Hamel. The objections were that the highway commissioners in those towns did not hold a regular semi-annual meeting between the first Tuesday in August and the first Tuesday in September for the purpose of determining the tax

rate to be certified by them to the county board. These were valid objections, which, if sustained by the evidence, would prevent judgment for the taxes. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112; *People* v. *Toledo, St. Louis and Western Railroad Co.* 267 id. 142.) The records of the highway commissioners in none of these townships showed any meeting of the commissioners between the first Tuesday in August and the first Tuesday in September at which any action was taken in regard to the road and bridge tax. The appellant contends that a record of the proceedings by the commissioners was required to be kept, and that the failure of the record to show the meeting required by law is proof that no such meeting was held. If the commissioners were required to keep a record of their proceedings there is no doubt that their action could be proved by the record alone, and the failure of the record to show any action would be evidence that no such action was had. (*People* v. *Madison County,* 125 Ill. 334; *City of Belleville* v. *Miller,* 257 id. 244.) The case, therefore, turns upon the question whether a record was required to be kept of the proceedings of the highway commissioners.

Prior to 1913 the Road and Bridge law provided that the town clerk should be *ex-officio* clerk of the board of highway commissioners, and should keep a record of all the official acts and proceedings of the board in a well-bound book to be provided for that purpose. In the revision of the Road and Bridge law in 1913 the provision expressly requiring the clerk to keep a record of all the official acts and proceedings of the board was omitted, though it was still provided that the town clerk should act as the clerk of the board of highway commissioners of his town. (Hurd's Stat. 1913, sec. 42, p. 2123.) By section 51 it was enacted that the clerk should have the custody of all records, books and papers of the town or road district and should file all certificates or oaths and other

papers required by law to be filed in his office. Among
other things he is required to record in the book of records
of his district all orders and directions of the highway com-
missioners required by law to be kept and as thereinafter
provided for. Section 80 provides for the filing and re-
cording by the town clerk of all agreements for or releases
of damages in the establishment, alteration, widening or va-
cating of roads. Sections 92 and 99 provide for recording
final orders with reference to the establishment of roads.
Section 121 is as follows: "The commissioners shall keep
a full and accurate record of all their proceedings under
this act, and shall, upon the completion of the road, file
with the town or district clerk all records, papers, plans,
plats, estimates, specifications and contracts, and shall make
a full report to, and settlement with the board of town au-
ditors or district clerk as provided in section 50 of this
act. If the commissioners fail to make such settlement,
the supervisor or board of county commissioners shall cause
an action to be instituted against them in the corporate name
of the township or road district to enforce such settlement."

In our judgment the duty of the clerk to keep a record
of the proceedings of the commissioners is not any less
extensive than it was under the former act. The language
of section 121 is positive and unequivocal. Unless limited
by construction there can be no doubt of its requirement
that the commissioners shall keep a full and accurate record
of all their proceedings. This section was a part of the
act to authorize the construction and maintenance of gravel,
rock, macadam or other hard roads, (Hurd's Stat. 1911,
p. 2038,) which, with some modifications, was inserted in
the Road and Bridge law of 1913 as subdivision 8 of arti-
cle 6, under the head of "Gravel, rock and macadam hard
roads." Article 6 deals with the general subject of the
town and district organization and administration for high-
way purposes, and is the portion of the act which provides
for the election of highway commissioners, defines their

duties and powers and provides for their organization and method of performing their duties. We see no reason why the requirement for the keeping of records should be limited by construction because of the part of the act in which the requirement appears. The subdivision in which section 121 appears is dealing with the particular subject of hard roads, but the language used is general and refers in express terms to all proceedings under the act. We cannot assume that there was any inadvertence in the use of this language. It might be thought that this provision would be found more logically and naturally in some other part of the act bearing particular reference to the general powers and duties of the commissioners or of the clerk. It cannot, however, be held ineffective, nor can its meaning be limited, because of the incongruity of the connection in which it appears, unless some reason appears requiring the clause to be given an interpretation different from its natural meaning. The character of the proceedings of the highway commissioners is such that records of them would naturally be required. For many years such records have been expressly required by statute. The act under consideration expressly requires the keeping of such records, and unless something in the act itself clearly requires the general terms in which this requirement is expressed to be restricted, or indicates an intention to change the law in this respect, it must be held that the legislature intended that a record should be kept of all proceedings of the highway commissioners. The board of highway commissioners is a *quasi* municipal corporation. It is vested with important powers and has imposed upon it important duties. Commissioners of highways, in the aggregate, expend vast amounts of the public money. They levy large sums for public purposes. The construction and maintenance of public highways and bridges and the expenditure of money for those purposes are in their hands. They must act in their corporate capacity by votes taken at meetings at which the individual com-

missioners act in their official capacity.   Even if the act did
not, in terms, require that the board should keep a record
of its proceedings, yet the nature of the duties of the com-
missioners makes it important that such a record should be
kept.   Only by this means could there be any certainty or
permanency about their action.   If the levy of taxes, the
laying out and establishing of roads, the settlement of dam-
ages, the calling of elections, the issuing of bonds and other
action of the commissioners were left to be determined by
the uncertain memories of the participants in those transac-
tions, weeks or months or years after they occurred, there
would be no stability in such matters.   These ought to be
preserved by a permanent record, and we hold that under
the Road and Bridge act as it now exists the commission-
ers of highways are required to keep a record of their
proceedings.   This disposes of the case.   There was no rec-
ord of a meeting of the commissioners at which the rate
to be certified to the county board was determined, and the
objection of the appellant should have been sustained.

The judgment will be reversed and the cause remanded,
with directions to the county court to sustain the objection.

*Reversed and remanded, with directions.*

Mr. JUSTICE COOKE, dissenting:

I am of the opinion that the present Road and Bridge
act nowhere requires the clerk to keep a record of all the
official acts and proceedings of the commissioners of high-
ways, and that in the absence of such statutory requirement,
under the authority of *Town of Old Town* v. *Dooley,* 81
Ill. 255, the commissioners are not required to keep a rec-
ord of their acts and the proceedings of the commissioners
may be proved by parol.