THE PEOPLE *ex rel.* J. W. Freedenberger, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*certificate of amount of road tax need not show any preliminary action.* The certificate of the highway commissioners of the amount of road and bridge tax need only show the amount necessary to be raised, and it is not necessary to show any preliminary action by the commissioners.

2. SAME—*a judgment should be rendered separately for taxes due in each township.* Where the delinquent list filed by the collector correctly describes the defendant railroad company's railroad track and right of way in the county it is proper to enter a separate judgment for the road and bridge tax of each town against the railroad track and right of way in each town, notwithstanding such separate judgments will necessarily not follow the description in the delinquent list.

3. SAME—*when certificate of amount of road tax must be filed.* Section 56 of the Roads and Bridges act of 1913 is complied with if the meeting of the highway commissioners is held at the time fixed by the statute, the amount necessary to be raised by taxation is then determined and certified to the board of supervisors, and the certificate is made and filed with the county clerk in time for presentation to the board of supervisors at their September meeting.

APPEAL from the County Court of Clark county; the Hon. A. L. RUFFNER, Judge, presiding.

P. J. KOLB, and S. M. SCHOLFIELD, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

E. D. JONES, State's Attorney, (GRAHAM & SNAVELY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from the judgment of the county court of Clark county ordering a sale of the property of the appellant for road and bridge taxes in different townships in that county.

The same objection is made to the certificates of the commissioners of highways as to the amount necessary to be raised by taxation as was made in the case of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (*ante*, p. 527.) It was there held that the certificate of the amount necessary to be raised by taxation was all that was required by the statute and that the preliminary action of the commissioners need not be shown.

The delinquent list filed by the collector set forth the statutory description of appellant's railroad track and right of way in Clark county, commencing at the point where the said railroad track crosses the north boundary line of the county in entering the same and extending to the point where the said railroad track crosses the south boundary line of the county in leaving the same. The judgment was rendered separately for the taxes due in each township against the railroad track and right of way in such township. This was the proper judgment to be rendered.

It is objected that there is a variance between the delinquent list and the judgment. The delinquent list properly described all the railroad track of the appellant in the county. It would have been improper to render a judgment against all the property for the road and bridge tax in each town, but the judgment was properly limited in each case to that part of the property located in the town in which the particular tax was assessed. *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 Ill. 582; *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 id. 112.

Another objection made is that the certificates of the commissioners were not filed with the county clerk until after the first Tuesday in September. The language of section 56 of the statute is, that at a meeting to be held on the first Tuesday in September the board of highway commissioners shall determine and certify to the board of supervisors the amount necessary to be raised by taxation, and that such certificate shall be filed in the office of the county

clerk and by that officer presented to the county board at the regular September meeting for its consideration. The statute is complied with if the meeting is held at the time fixed and the amount necessary to be raised by taxation is then determined and certified to the board of supervisors and the certificate made filed with the county clerk in time for presentation to the board of supervisors at their September meeting.

The judgment of the county court is affirmed.

*Judgment affirmed.*