THE PEOPLE *ex rel.* Fred C. Puntney, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*a judgment for road tax should not be against all property of railroad in the county.* A judgment against the property of a railroad for road and bridge taxes should be limited to that portion of the property located in the town and not against all of the property of the railroad in the county as described in the collector's delinquent list.

2. SAME—*what is sufficient showing of the approval of road tax certificate.* Where the evidence shows that the certificate of the commissioners of highways of the amount required for road and bridge purposes in the town of "Hawthorne" was presented by the county clerk to the county board for consideration, a statement in the record of the board showing that on motion "it was ordered that the following amounts from the different townships be extended for road and bridge taxes for the year 1914: 'Hawthorne $4196.37," is a sufficient approval of such certificate.

APPEAL from the County Court of White county; the Hon. JAMES M. ENDICOTT, Judge, presiding.

P. J. KOLB, and N. C. BAINUM, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

JOE A. PEARCE, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of White county ordering a sale of the property of appellant for road and bridge taxes in the town of Hawthorne, in that county.

The collector's delinquent list described all of the property of appellant in the county, and the judgment was erroneously entered against all of said property instead of against only that portion located in the town of Hawthorne. *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112.

It is further objected that "the said road and bridge tax was never presented to and approved by the county board of White county." It appeared in the evidence that the certificate of the commissioners of highways of the town of Hawthorne, which was not objected to as insufficient, was presented by the county clerk to the board of supervisors on the first day of their September meeting for the consideration of the board, and that the following action appears from the record of the board to have been taken: "On motion by Hunsinger, seconded by Wilson, it was ordered that the following amounts from the different townships be extended for road and bridge taxes for the year 1914: Hawthorne $4196.37." This amounted to an approval of the certificate, as required by section 56 of the Road and Bridge law.

The judgment is reversed and the cause remanded, with directions to render judgment for the tax against the railroad track and right of way of appellant in the town of Hawthorne. *Reversed and remanded, with directions.*