THE PEOPLE *ex rel.* Mannon Bankson, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*the certificate of levy of road tax need not show that meetings were held.* The fact that the meetings required by sections 50 and 56 of the Road and Bridge law of 1913 were held need not appear in the certificate of the levy of the tax for road and bridge purposes.

2. SAME—*fact that meeting of commissioners was held cannot be proved by oral testimony of clerk.* If the highway commissioners did, in fact, meet, as required by law, to fix the tax rate, the record may be amended to show that fact, but the oral testimony of the clerk that the meeting was held cannot take the place of proof of that fact by the record.

3. SAME—*certificate of levy not required to be filed on the first Tuesday of September.* The certificate of the amount of road and bridge tax is required by law to be made on the first Tuesday in September, but it is not necessary to file it on that day provided it is filed in time for the action of the board of supervisors at its September meeting.

4. SAME—*county board must approve levy of road and bridge tax.* The approval by the county board of the levy of road and

bridge taxes is essential to a valid levy, and the fact of such approval must appear by the record of the proceedings of the board.

5. SAME—*what does not show approval of levy by the county board.* An indorsement on the back of a certificate of the road and bridge tax levy reading, "Approved by county board the 24th day of September, A. D. 1914.—G. V. Lane, Acting Chairman," is not competent to show the approval of the levy by the county board.

APPEAL from the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding.

P. J. KOLB, and WALL & MARTIN, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

C. S. MILLER, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Pulaski county against the property of appellant for delinquent road and bridge taxes for the year 1914 in districts Nos. 4, 6 and 11, in said county.

One objection is that the certificates of levy did not show a meeting of the commissioners between the first Tuesdays in August and September and did not show any meeting of the commissioners on the first Tuesday in September, as required by sections 50 and 56 of the Road and Bridge law. We have held this is not required to be shown by the certificates of levy. *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 527.

Another objection is that the commissioners in each of said towns did not hold a meeting between the first Tuesdays in August and September to determine the tax rate and did not hold a meeting on the first Tuesday in September to certify the amount required to be raised by taxation. This objection is abandoned by appellant as to road districts Nos. 4 and 11, and it is conceded the record of the meetings of the commissioners is sufficient as to them. The

clerk in road district No. 6 testified there was no record of any meeting of the commissioners in August; that he did not keep any record of the meeting on the first Tuesday in September in the record book but had it on a slip of paper he had written since he had been subpœnaed as a witness in the case. Over objections of appellant he was permitted to testify, on cross-examination, that the commissioners met in August to determine the rate of tax required for road and bridge purposes in the district and that they met again on the first Tuesday in September. This testimony was incompetent and should not have been admitted. The commissioners were required to keep a record of the proceedings, (*People* v. *Toledo, St. Louis and Western Railway Co.* 270 Ill. 472,) and their official acts must be proved by the record and not by oral testimony. (*People* v. *Madison County,* 125 Ill. 334; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 id. 538.) If the commissioners did, in fact, meet as required by law the record could have been amended so as to show the facts, but it is not competent to show the holding of these meetings by oral testimony. Appellant's objections should have been sustained to the road and bridge tax in road district No. 6.

It is further objected that the certificates of levy of the commissioners of highways were not filed with the county board on the first Tuesday in September. This is not required. The certificate of the amount of tax necessary to be raised is required to be made on the first Tuesday in September but it is not required to be filed on that day. It is sufficient if filed in time for the action of the board at its September meeting. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 538.

It was stipulated on the hearing that pages 59 to 66, inclusive, of county commissioners record "H" contained the record of the September meeting of the county board and did not show the approval of record of the tax levies filed by the commissioners of highways in road districts

Nos. 4, 6 and 11. The approval by the county board of the levy of road and bridge taxes is necessary to a valid levy, and without it its extension by the county clerk is unauthorized. (*People* v. *Illinois Central Railroad Co.* 266 Ill. 636.) The commissioners' certificate in each of the road districts was indorsed, "Approved by county board the 24th day of September, A. D. 1914.—G. V. Lane, Acting Chairman," and it is insisted by appellee that this is a sufficient record of approval by the board of county commissioners. The corporate powers of the county are exercised by the board of supervisors or board of county commissioners. The county clerk is the clerk of the board, and is required "to keep an accurate record of the proceedings of said board." (Hurd's Stat. 1913, chap. 35, sec. 10.) The official acts of the board must be proved by the record. (*McHaney* v. *County of Marion,* 77 Ill. 488; *City of Belleville* v. *Miller,* 257 id. 244; *People* v. *Chicago Tunnel Co.* 263 id. 253; *People* v. *Madison County, supra; O'Connell* v. *Chicago Terminal Railroad Co.* 184 Ill. 308.) The indorsement on the certificates was not a record of the county board, and was no more competent to prove the action of the board than would have been the oral statement of the acting chairman. If the board had, in fact, approved the levies but the clerk failed to enter such action of record, the record could have been amended by the board to show the truth, (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. ante,* p. 195,) but the action of the board could not be shown by the acting chairman's indorsement on the back of the certificates. On this ground it must be held that the tax levy for each of said three districts was invalid and the county court should have refused judgment against appellant's property. For this reason the judgment is reversed.                    *Judgment reversed.*