(No. 11339.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Simon Hoefer, County Collector, Defendant in Error, *vs.* THE CHICAGO GREAT WESTERN RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed June 21, 1917.*

1. TAXES—*the town clerk's record must show that meetings of highway commissioners were held in accordance with statute.* The town clerk's record must show that the commissioners of highways held the two meetings required by sections 50 and 56 of the Road and Bridge law to ascertain the tax rate and the amount of the levy for road and bridge purposes, and a failure to hold either meeting will render the tax void.

2. SAME—*highway commissioners need not ascertain amount or purpose of tax at their first meeting.* The Road and Bridge law does not require that the highway commissioners shall do more at the meeting required to be held between the first Tuesday in August and the first Tuesday in September than to determine "the tax rate to be certified by them" to the county board, and does not require that they shall determine the amount of tax to be raised or the purpose for which the tax is levied.

3. SAME—*minutes of first meeting of highway commissioners need not show for what year the road and bridge tax is levied.* The Road and Bridge law requires that the tax rate to be levied each year shall be ascertained at the meeting of highway commissioners required to be held between the first Tuesday in August and the first Tuesday in September, and it is not necessary that the min-

utes of this meeting shall show for what year or period of time the levy is to be made.

4. SAME—*town clerk's record of meetings of highway commissioners for tax purposes need not be as precise as court records.* The town clerk's record of the meetings of highway commissioners required to be held by law for the purpose of levying road and bridge taxes need not be kept with all the precision and formality of court records.

5. SAME—*determination of amount of tax for road and bridge purposes is not a determination of tax rate.* A determination of the amount of tax for road and bridge purposes is not a determination of the tax rate which is required by the Road and Bridge law to be ascertained at the first meeting of the highway commissioners.

6. SAME—*amount which the county board may raise by general taxation for State's attorney's salary.* The amount which the county board may raise by general taxation for the salary of the State's attorney is the estimated deficiency between the amount of his salary and the amount of fines, fees, forfeitures and penalties collected by him and turned into the county treasury.

7. SAME—*effect of fixing the rate at sixty-one "per cent."* The fact that the highway commissioners' record shows that they fixed the rate for road and bridge tax at sixty-one "per cent" will not invalidate the tax, since it would be the duty of the county clerk, in extending the tax, to reduce the rate to sixty-one cents.

WRIT OF ERROR to the County Court of Stephenson county; the Hon. R. J. CARNAHAN, Judge, presiding.

DOUGLAS PATTISON, (JOHN BARTON PAYNE, of counsel,) for plaintiff in error.

CHARLES H. GREEN, State's Attorney, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to review the judgment of the county court of Stephenson county overruling certain objections of plaintiff in error to the application for judgment and order of sale for certain delinquent taxes for the year 1914 levied and assessed against its property in that county. The taxes involved are the road and bridge taxes

279 — 12

for the towns of Ridott, Florence, Silver Creek, Loran and Kent, in that county, and that portion of the county tax levied for the purpose of raising funds for the payment of the salary of the.State's attorney. The objection urged to the road and bridge taxes of the towns in question.is, that the town clerks' records fail to show that the commissioners of highways of such towns held the two meetings required by sections 50 and 56 of the Road and Bridge act,—one meeting between the first Tuesday in August and the first Tuesday in September, and the other on the first Tuesday in September. The objection to the county tax is, that the portion levied for salary of the State's attorney makes no allowance for the $400 paid by the State or the amount received from fines, fees and forfeitures collected by such officer.

The record of the town clerk of Ridott township shows a·meeting of the commissioners of highways was held on August 2, 1914, at which it was "talked that the levy for the coming·year would have to be in full as prescribed by law, sixty-one cents on every $100 for road and bridges," and that on August 29 a meeting was called for levying the road and bridge tax for the year 1915, at which it was voted to levy sixty-one cents on the $100. There is no ·record of any meeting on September 1, 1914, the first Tuesday in that month, although there is a record of other meetings held on September 3 and September 8, respectively, which contains nothing with respect to the levying of a tax for roads and bridges or any other purpose. The record of the town clerk of Florence township, as appears from the testimony of the clerk, contains no entry or record of any meeting of the highway commissioners held in August or September of 1914, nor was any other book produced which is claimed to have been kept under or by authority of the town clerk, containing any record of such meetings. In each instance, however, a proper certificate was made out by the commissioners under date of Septem-

ber 1, 1914, and transmitted to the county clerk, certifying the amount necessary to be raised for road and bridge purposes. In *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112, we held the provisions of sections 50 and 56 of the Road and Bridge law were mandatory and that a failure to hold such meetings would render the tax levied void; also, that the meeting therein specified to be held on the first Tuesday in September must be held on such date, and that a construction which would permit such meeting to be held at some other time would, in effect, deny to persons interested the right to appear and be heard as to the justice of such proposed tax levy. In the more recent case of *People* v. *Chicago, Burlington and Quincy Railroad Co.* 273 Ill. 110, we held that it was the duty of the town clerk to keep a record of such meetings and that the action of the commissioners could only be shown by such record; that when it was shown that there was no record of such meetings in the record book of such town it established a *prima facie* case of the invalidity of such tax, which could only be overcome by proving that such meetings were held and amending the record to show such fact, or the production of another record book of the town containing a record of such meetings. In *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 226, we held that the fact such meetings were held could not be established by the oral testimony of the clerk, although it was competent to show such fact by him for the purpose of amending his record. In this case the records of the town clerks fail to show that the meetings were held. For this reason the objections to the tax in Ridott and Florence townhips should have been sustained .

The record of the town clerk of Silver Creek township shows a meeting of the highway commissioners on August 29, 1914, at which it was determined to raise $6000, or a rate of sixty-one per cent on the $100, and another meeting on September 1, at which the commissioners adopted

the levy made August 29 and certified that they required
that there be raised by taxation for the proper construction,
maintenance and repair of roads and bridges the sum of
$6000. It is insisted the record of this meeting is insuffi-
cient for the reason it does not state the purpose of the
tax to be raised, and that the clerk, in writing up the min-
utes of this meeting, used the words "per cent" instead of
"cents" as indicating the rate determined upon. The stat-
ute does not require that the commissioners shall do more
.at this meeting than determine "the tax rate to be certi-
fied by them" to the county board. (Hurd's Stat. 1916,
chap. 121, sec. 50.) It does not require that they shall de-
termine the amount of tax to be raised or the purpose
for which the tax is levied. The record shows that every-
thing was done at this meeting that the law requires shall
be done, and in this respect it is sufficient. As to the other
contention, we regard the use of the words "per cent" in-
stead of "cents" as a clerical error, which could and should
have been corrected by the clerk on the hearing as soon as
his attention was called to it. It also is apparent from a
consideration of the whole record of the meeting that the
total amount contemplated to be raised by the tax rate de-
termined upon was but $6000,—a sum far less than would
have been raised on the percentum basis. While sixty-one
per cent would be a greater rate than sixty-one cents on
the $100, said rate of sixty-one cents on the $100 is the
limit fixed by law; and even if a greater rate had been
fixed and the amount to be raised by such rate had been
certified to the county board and approved, it would have
been the duty of the county clerk, under section 56 of the
Road and Bridge act, in extending the taxes, to reduce said
rate to sixty-one cents on each $100 of the assessed valua-
tion of said town. As we think it sufficiently appears from
this record that what the commissioners actually did was
to determine upon a rate of sixty-one cents on the $100 and
such rate could in no event have been higher than that, we

think the objections to this tax in Silver Creek township were not well taken and were properly overruled.

The record of the town clerk of Loran township shows a meeting on August 22, 1914, to fix the rate for the road and bridge tax, and "it was voted to make the rate sixty-one cents on each $100 of taxable property," and another meeting on September 1, at which all books and accounts were audited, and "the commissioners signed the tax levy as $4800 for construction and maintenance of roads and bridges in Loran township. A copy was sent to the county clerk and a copy put on file in the office of the clerk of that township." It is insisted this record was insufficient in that the minutes of the first meeting do not show for what year or period of time the levy was to be made; and of the September 1 meeting, that it does not show any amount of tax was determined upon at that meeting. As to the first contention, the record shows a meeting on August 22, 1914, at which it was determined to make the rate sixty-one cents on the $100 for roads and bridges. The law fixes the purpose of this meeting and requires that such meeting shall be held each year. When the clerk's record is read in the light of the statute there can be no doubt as to the year for which the tax rate was fixed. This is sufficient. As to the other contention, the record shows the commissioners signed the tax levy as $4800, and a copy of such certificate was sent to the county clerk and another filed with the town clerk. While the word "determined" is not used in the clerk's record, it does affirmatively appear that the sum of $4800 was fixed upon as the amount required. No one who reads that record could be misled as to what the commissioners did. It shows the commissioners in fact did determine upon such amount as the assessment to be levied. We think, when the record is considered as a whole, that there can be no reasonable doubt in the mind of anyone but that the commissioners met at the times and place required by law and acted upon the matters that were prop-

erly before them on such occasion, and that is sufficient. The law does not contemplate that such record shall be kept with all the precision and formality of court records. As said in *People* v. *Hulin,* 237 Ill. 122, on page 128 of the opinion: "We are obliged to keep before us the necessity of taxation, and the fact that all the machinery of taxation, except the mere extension of the taxes, is confided to the local authorities, and that all the citizens of the local municipalities are eligible to the offices which compose the taxing body. The legislature was not unmindful of this when it enacted the broad saving provisions of section 191 of the Revenue act. To expect the ordinary citizen to observe every possible formality and the strict letter of the statute concerning non-essentials,—matters that cannot affect the substantial justness of the tax,—and to defeat the tax, if that be not done, upon technical objection that some mere form has not been complied with, is, in a sense, to defeat the means of government itself. Such was not the intention of the law and is not the duty of the courts." For the reasons given we think the objections to this tax in Loran township were properly overruled.

The record of the town clerk of Kent township shows a meeting on August 18, 1914, at which "a tax of $4400 was levied for road and bridge purposes for the ensuing year," and one on September 1, at which the amount of road and bridge tax was certified to the county clerk. The law specifically requires that at this first meeting the commissioners shall determine "the tax rate to be certified by them to their respective county boards." A determination of the amount to be raised is not a determination of the tax rate as required by this section, although a determination of the latter would involve a consideration of the former. The amount to be raised is to be determined at the second meeting, held on September 1. As the record fails to show a meeting at which the tax rate was determined upon as required by the statute, it is insufficient to sustain the levy

of any valid tax. For this reason the objections to this tax in Kent township should have been sustained.

As to the county tax in question, the records of the county board show that on September 12, 1914, a meeting was held by the county board for the purpose of ascertaining and determining the amount of taxes to be raised for county purposes, at which, among other things, a resolution was adopted providing for the raising of the sum of $3500 for the salary of the State's attorney. It further appears from those records that the salary of the State's attorney as fixed by the county board is $3100 per year, and that no allowance of any kind is made for the employment of an assistant State's attorney or for incidental expenses. It also appears the State's attorney, during the period from December 1, 1913, to March 1, 1914, paid into the county treasury, in fines, fees and forfeitures, $335, and from March 1, 1914, to March 1, 1915, $1160. The court sustained the objection as to $400 of this amount paid by the State and overruled it as to the balance. In *People* v. *Jackson, 272* Ill. 494, we held that the amount which the county board should raise by general taxation for the salary of the State's attorney should be the estimated deficiency between the amount of his salary and the amount of fines, fees, forfeitures and penalties collected by him and turned into the county treasury. We there further held that while the county board might exercise a reasonable discretion in the matter, it could not arbitrarily levy the full amount of the salary of the State's attorney or his assistants without making such deduction, and that upon objection to such tax the amount of such fines, fees, forfeitures and penalties collected should be deducted from the amount levied for this purpose. In the instant case the evidence shows $1495 had been turned into the county treasury by the State's attorney from fines, fees, forfeitures and penalties collected, which should be applied on his salary, and that the tax levied for this purpose is excessive to that amount. For this reason

the objection should have been sustained as to the amount levied for this purpose and plaintiff in error's tax abated its proportional part of that amount.

For the reasons given the judgment of the county court must be reversed in part and the cause remanded for further proceedings in accordance with the views herein expressed.    *Reversed in part and remanded.*

---

(No. 11337.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LLOYD BOPP, Plaintiff in Error.

*Opinion filed June 21, 1917.*