THE PEOPLE *ex rel.* M. T. Kiggins, County Collector, Appellant, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed December 22, 1915.*

1. TAXES—*when a clerical error in objection to taxes will not render objection invalid.* Naming the month of April instead of the month of August in an objection shown by its language to be based on the ground that the commissioners of highways did not hold a meeting between the first Tuesday in August and the first Tuesday in September, as required by statute, is a clerical error and will not render the objection invalid.

2. SAME—*the statute requires two meetings of commissioners of highways.* Section 50 of the Roads and Bridges act of 1913 requires a meeting of the highway commissioners to determine the rate per cent of the road and bridge tax, and section 56 requires another meeting to ascertain and certify the amount of the tax. (*People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, distinguished.)

3. SAME—*when certificate of amount of road and bridge tax is sufficient.* Section 56 of the Roads and Bridges act requires that the commissioners shall certify the amount necessary to be raised by taxation for road and bridge purposes, and such certificate need not state when or how that amount was ascertained.

4. SAME—*when objection must be to record of the commissioners and not to the certificate.* One objecting to taxes is limited in his evidence to the objection filed, and where an objection is merely to the certificate of the highway commissioners for the road and bridge tax it cannot be argued, in support of such objection, that the record of the commissioners does not show that the amount to be levied was ascertained at the meeting of the commissioners.

COOKE, J., dissenting.

APPEAL from the County Court of Montgomery county; the Hon. T. J. McDAVID, Judge, presiding.

J. EARL MAJOR, State's Attorney, for appellant.

D. R. KINDER, (JOHN G. DRENNAN, of counsel,) for appellee.

Mr. Justice Dunn delivered the opinion of the court:

The county court of Montgomery county sustained the objections of the Illinois Central Railroad Company and entered judgment in its favor on the application of the county collector for judgment and order of sale of its property for road and bridge taxes for the year 1914 in the towns of Pitman and Bois D'Arc, in Montgomery county.

The objections, so far as the town of Pitman was concerned, were as follows: "That the commissioners of highways of said town of Pitman did not hold a regular semi-annual meeting between the first Tuesday in April and the first Tuesday in September, 1914, as provided by section 50 of the Road and Bridge law of this State, for the purpose of determining the tax rate to be certified; also, the certificate from which this tax is extended simply states that the commissioners have determined that a certain amount is necessary to be raised by taxation for road and bridge purposes, and does not state that the amount necessary to be raised was determined and certified at a regular meeting held on the first Tuesday in September, 1914, as provided by section 56 of the Road and Bridge law aforesaid. For the foregoing reasons the whole of said tax so extended was void." The objections as to the road and bridge tax for the town of Bois D'Arc were the same as those in the town of Pitman.

The appellant argues that the mistake in the objection in naming the month of "April" instead of the month of "August" renders the objection invalid. It is apparent that the use of the word "April" is a clerical error, for the words of the objection identify the meeting as being that provided for by section 50 of the Road and Bridge law, which meeting is required to be held between the first Tuesday in August and the first Tuesday in September. The record of the commissioners of highways of the town of Pitman shows that at a meeting held on August 26

the following proceedings were had: "The sum of $3500 was decided upon for the following year for use in road and bridge construction and repair, as per section 50 Road and Bridge law in force July 1, 1913." After this record is written the following: "Take notice that the tax rate was placed at 37%.—Jerome Vignos, Town Clerk." The town clerk testified that the commissioners tried to fix the per cent but did not know the equalized value of the township;. that they fixed the gross amount at $3500 and that· he wrote in the rate per cent the next day. The statute requires two meetings, at one of which, provided for in section 50, the commissioners shall determine the rate per cent to be certified by them to their respective county boards. At the second meeting, provided for in section 56, the commissioners are required to certify to the board of supervisors the amount necessary to be raised by taxation. The appellant relies on the case of *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 213 Ill. 503, where the board fixed the rate per cent instead of the aggregate amount, as required by the statute. The court said: "This is doubtless the plain reading of the statute; but the effect of the resolution is to indirectly fix the amount, and on the principle that that is certain which may be made so, we are of the opinion that the objection, standing alone, was not good." In this case, however, the statute required two meetings, at one of which the rate should be fixed and at the other the amount ascertained, and we cannot disregard the plain reading of the statute as to what shall be done at each of those meetings. This record shows that the commissioners did not at this meeting comply with the requirements of the statute, and the objection was properly sustained to the road and bridge tax of the town of Pitman.

In the case of the town of Bois D'Arc the record shows that at a meeting held on August 29, 1914, "the commissioners met in regular meeting and allowed bills; made a levy of sixty-one cents on each $100 for road and bridge

and district road tax." This showed a substantial compliance with section 50 of the act.

The remaining objection to the taxes in the town of Bois D'Arc is, that the certificate from which this tax is extended simply states that the commissioners have determined that a certain amount is necessary to be raised by taxation for road and bridge purposes, and does not state that the amount necessary to be raised was determined and certified at a regular meeting held on the first Tuesday in September, 1914, as provided by section 56 of the Road and Bridge law aforesaid. Section 56 requires no more than that the commissioners shall certify the amount necessary to be raised by taxation, and does not require them to state when or how that amount was ascertained. It is argued that the record of the commissioners does not show that at the meeting on September 1 this amount was ascertained. This objection was not made. The objection made was not to the record but to the certificate, and was that the certificate did not state that the amount was ascertained at the meeting of September 1. The objector is limited in his evidence to the objection filed, and the objection filed was immaterial.

The judgment of the county court is affirmed as to the road and bridge tax for the town of Pitman and is reversed as to the road and bridge tax for the town of Bois D'Arc and the cause is remanded, with directions to the county court to overrule the objections to the road and bridge tax for the town of Bois D'Arc and render judgment in favor of the appellant for the amount of such tax.

*Reversed in part and remanded, with directions.*

Mr. JUSTICE COOKE, dissenting:

I am of the opinion that the words "tax rate" and the word "amount" were used interchangeably in sections 50 and 56 of the Road and Bridge act, and therefore that the rate is definitely fixed and determined at the meeting pro-

vided for in section 50 by fixing the amount of money required to be raised, and that the amount is definitely fixed at the meeting provided for in section 56 by fixing an amount in dollars or by fixing a rate per cent that will produce the desired amount. This is to my mind the most reasonable construction to put upon the use of these words in the act, as the effect is precisely the same whether the commissioners name a rate per cent or an exact amount. It is inconceivable to me that the legislature meant to furnish another technicality for the use of large corporations in escaping the payment of their taxes.