THE PEOPLE *ex rel.* E. S. Herron, County Collector, Appellee, *vs.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*president of board of highway commissioners need not name and record time for meeting to fix rate.* It is not necessary that the president of the board of highway commissioners shall name at some previous meeting the time for the meeting provided for in section 50 of the Roads and Bridges act of 1913 to fix the rate of road and bridge taxes nor that his action in naming the time of the meeting shall be made a matter of record.

2. SAME—*record need not show organization of meeting to fix amount of tax.* If the record shows a meeting on the first Tuesday in September, at which the highway commissioners met, and, all concurring, determined on the amounts to be levied for road and bridge purposes and ditching to drain roads, that is all that the law requires, and it is not necessary that the record show the organization of the meeting.

3. SAME—*what is a sufficient record of highway commissioners.* A record of a meeting of the highway commissioners on the first Tuesday in September, which, after a statement of the accounts audited and allowed by the board of auditors, contains the record of a certificate of highway commissioners showing that a certain amount has been determined upon by them as required for road and bridge purposes and a certain amount for ditching to drain roads, is a sufficient record of the action of the commissioners in fixing the amount required for roads and bridges.

4. SAME—*a judgment for road taxes should not be against the objector personally.* A judgment for delinquent road and bridge taxes should not be against the objecting railroad company but should be several against the property of the company in the respective towns in which the taxes are due, substantially in the form prescribed by section 191 of the Revenue act.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

W. R. HUNTER, FREE P. MORRIS, and ROSCOE CONKLING SOUTH, for appellant.

J. W. KERN, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Iroquois county overruled the objections of the appellant, the Cincinnati, Lafayette and Chicago Railroad Company, to the road and bridge taxes of the towns of Beaver and Concord for the year 1914 and rendered judgment against the appellant for such taxes.

The objections relied upon at the hearing and upon this appeal are, that the presidents of the respective boards of commissioners of highways did not name the time for the regular semi-annual meeting between the first Tuesday in August and the first Tuesday in September and make the same a matter of record; that there was no record of any meeting of the commissioners of highways in the town of Beaver on the first Tuesday in September, and that there was no sufficient record of the meeting of the commissioners of highways of the town of Concord on August 29, 1914. It is also assigned as error that the judgment was rendered against the appellant, when it should have been against its property in each municipality where the tax was levied.

Section 50 of the Road and Bridge act provides that the commissioners of highways shall hold a regular semi-annual meeting between the first Tuesday in August and the first Tuesday in September of each year at a time to be named by their president, and it is contended that the president must name the time at a meeting of the board and it must be made a matter of record at such meeting,

so that those who are interested may know from the record the time when the commissioners will meet and have an opportunity to be heard. The act does not provide in what manner or by what means the president shall name the time of the meeting or that he shall keep any record of his official acts when not acting as a member of the board. The meeting is to be held at some time between the first Tuesday in August and the first Tuesday in September, and as the time must be selected in some way, the apparent purpose of the act is merely to place the time within the control of the president. There is no force in the argument that a record is required so that those interested may have notice and appear, with an opportunity to be heard. The purpose of the meeting is to fix a rate which shall be the limit of taxation, and the determination of any rate could not be prejudicial to the interests of the tax-payer. The commissioners at that meeting would simply put a limit on the taxes to be levied, while the amounts are to be fixed at a later meeting, the time of which is definitely fixed as the first Tuesday in September. The tax-payer has notice by the statute when that meeting will be held and can then appear and be heard as to the amounts that should be raised by taxation. It is not necessary that the president should name the time at a board meeting and have it recorded in the proceedings.

The appellant offered in evidence the record of the proceedings of the highway commissioners of the town of Beaver kept by the clerk, which showed that a meeting was held on August 29, 1914, at which two of the commissioners were present, and a resolution was adopted fixing the tax rate for road and bridge purposes at sixty-one cents on each $100 valuation of taxable property and five cents on each $100 valuation for ditching to drain roads. The record showed another meeting on September 1, 1914, and the record began with a meeting of the board of auditors. After a statement of accounts audited and allowed, there

was a certificate of the commissioners of highways that they had determined there should be levied for road and bridge purposes $8500 and for ditching to drain roads $550, the total amount being $9050, and this was signed by all three of the commissioners. The record did not show an organization of the meeting nor the determination of these amounts by a formal resolution, but it did show that the commissioners met, and, all three concurring, determined on the amounts to be levied, which was all that was required by the law.

In the town of Concord the record showed a meeting of the commissioners on August 29, 1914, at which one of the commissioners offered a resolution that they required for road and bridge purposes a tax rate of sixty-one cents on each $100 valuation of taxable property, and the resolution was unanimously adopted. The record also showed a regular meeting on the first day of September, with all of the commissioners present, when a certificate of the tax rate was made and entered of record certifying that the board had determined that there should be levied for road and bridge purposes the sum of $5000, and this was signed by all the commissioners. It was not necessary that there should be any formal recitation that the meeting was organized, and the statute was complied with. The court did not err in overruling the objections.

The judgment should not have been against the objector, which was not personally liable for the taxes, but should have been several against its property in the respective towns in which the taxes were due, substantially in the form prescribed by section 191 of the Revenue act.

The judgment is reversed and the cause remanded, with directions to enter judgment for the taxes against the property of the appellant in the several towns in which they were levied.    *Reversed and remanded, with directions.*