THE PEOPLE *ex rel.* M. T. Kiggins, County Collector, Appellant, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellee.—Same Appellant *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Appellee.—Same Appellant *vs.* FRANCIS S. PEABODY *et al.* Appellees.

*Opinion filed December 22, 1915.*

1. TAXES—*certificate of highway commissioners need not state that meeting was held.* Section 56 of the Roads and Bridges act of 1913 requires that the highway commissioners shall certify the amount necessary to be raised by taxation for road and bridge purposes, but it does not require the certificate to state that a meeting was held to determine the amount, nor any other action preliminary to the ascertainment of the amount.

2. SAME—*what record of action of highway commissioners is sufficient.* A record of a certificate of the commissioners of highways of their determination of the amount to be levied for road and bridge purposes is a sufficient record of the action of the commissioners though it does not show the organization of a meeting or the determination of the amount by a formal resolution. (*People* v. *Cincinnati, Lafayette and Chicago Railroad Co. ante,* p. 516, followed.)

3. SAME—*when leave to amend the record is properly denied.* Leave to amend the record of highway commissioners is properly denied on application for judgment and order of sale, where there is no offer to prove any fact or what was done by the highway commissioners, but only to show that a levy of the amount named in the certificates was made by the highway commissioners, which is a conclusion of law.

FARMER, C. J., dissenting.

APPEAL from the County Court of Montgomery county; the Hon. T. J. McDAVID, Judge, presiding.

J. EARL MAJOR, State's Attorney, for appellant.

GILLESPIE & FITZGERALD, and HILL & BULLINGTON, (GEORGE B. GILLESPIE, L. J. HACKNEY, G. B. HILL, and H. T. DICK, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

These appeals are from the judgment of the county court of Montgomery county sustaining the objections of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, the Chicago and Eastern Illinois Railway Company and Francis S. Peabody and others to the road and bridge taxes of 1914 in the towns of Witt, Irving, East Fork and Grisham and denying the application of the collector for orders of sale against the property of objectors.

The first objection was to the certificates of the highway commissioners, which were identical in each case except as to the name of the town, the amount of the tax and the signatures of the commissioners. They certified to the total amount of money necessary to be raised by taxation for the ensuing year, commencing on Tuesday next preceding the annual meeting of 1914, for the proper construction, maintenance and repair of the roads and bridges of the town, and directed the county clerk, upon approval of the board of supervisors, to extend such a rate as would produce the amount certified, provided the rate should not exceed sixty-one cents on each $100 valuation. It was objected that the certificate did not give the rate of taxation nor state that the regular semi-annual meeting had been held between the first Tuesday of August and the first Tuesday of September and the rate of taxation then determined. The holding of this meeting and the fixing of the rate therein are essential to the validity of the tax. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112.) Section 56 provides for the filing of the certificate of the highway commissioners in the office of the county clerk as

the basis for their approval and the extension of the tax. It does not require that the commissioners shall certify to all their action preliminary to the ascertainment of the amount of tax required, but only that they shall certify to the board of supervisors the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges in the town. While the county clerk is authorized to extend only such part of the amount certified as may be approved by the board of supervisors, there is no requirement that the commissioners shall certify for the information of the board of supervisors anything further than the amount they may require. The certificates of the commissioners complied with the requirements of the law.

The record of the highway commissioners of the town of East Fork showed that a meeting was held on August 5, 1914. The following entry recorded on page 93 of the record was also introduced in evidence:

"ANNUAL LEVY FOR ROAD AND BRIDGE FUND.

*State of Illinois, Montgomery County,*
*Town of East Fork.*
*Board of Highway Commissioners.*

"I, the undersigned highway commissioner of said town, have ascertained and determined that the total sum necessary to be raised by taxation on the real and personal and railroad property of the said town of East Fork, in the county aforesaid, for the ensuing year, commencing on Tuesday next preceding the annual town meeting of 1914, for the proper construction, maintenance and repair of roads and bridges in said town, is the sum of $6000; and upon your approval the county clerk is hereby instructed to extend such a rate as will produce the above amount, provided that said rate shall not exceed sixty-one cents on each $100 valuation of taxable property of said town.

"Given under my hand this 1st day of September, A. D. 1914.
W. T. MORGAN,
*Single Highway Commissioner.*

"I hereby certify that the above is a true and correct copy of the annual levy for road and bridge purposes for the fiscal year 1914, and the copy of the above is on file in my office in Coffeen, Illinois.
JAMES EDWARDS, *Town Clerk.*"

270 — 34

James Edwards, the town clerk, testified that these were the only records of that town pertaining to a levy for road and bridge purposes. In *People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* (*ante,* p. 516,) we held that the record of a certificate of the commissioners of highways of their determination of an amount to be levied for road and bridge purposes was sufficient though it did not show the organization of a meeting or the determination of the amount by a formal resolution.

In the town of Witt the record of the proceedings of the highway commissioners at the meeting of September 1, 1914, showed only that the highway commissioners' certificate of tax levy was certified to by the commissioners and filed with the county clerk. In the town of Irving the record showed that a tax levy was made out and signed by the commissioners and turned over to the supervisor. In the town of Grisham the record showed that the clerk was instructed to send a copy of the tax levy to the county clerk. There was in none of the meetings a determination of the amount necessary to be raised by taxation. In each case the appellant asked leave to amend the record and offered to show by the clerk and the commissioners of highways that a levy of the amount named in the respective certificates was made by the highway commissioners for road and bridge purposes. The court sustained objections to the evidence. There was no offer to prove any fact or what the commissioners actually did. The offer was to prove that a levy was made. This was a conclusion of law and the court properly sustained the objection. The records do not show a compliance with the statute, and the objection to the tax was properly sustained for this reason.

The judgments of the county court are affirmed in all respects except as to the road and bridge taxes of the town of East Fork, and as to those taxes the judgments are reversed and the causes are remanded, with directions to overrule the objections and enter judgments for those taxes.

*Reversed in part and remanded, with directions.*

Mr. CHIEF JUSTICE FARMER, dissenting:

I think the county court erred in refusing to allow appellant to prove, in support of the motion for leave to amend the record, that in the towns of Witt, Irving and Grisham the commissioners at their September meeting did determine the amount certified by them to the county board to be levied for road and bridge purposes. The opinion holds the objection of appellee to the offered proof was properly sustained because the offer was not to prove a fact but a conclusion. The purpose of the offer was to show the court, for its guidance in passing upon the motion for leave to amend the record, that the commissioners did, in fact, determine the amount certified to the county board at the meeting held the first Tuesday in September. It was an offer to prove a fact which, if established by the proof, made it the duty of the court to permit the record to be amended to speak the truth. The parol proof was not offered as evidence upon which the court was to determine finally whether the amounts had been determined upon as required by law, but as a basis for the amendment of the record. If the proof had been admitted and the record amended, then the amended record would have been required to be introduced in evidence to prove the facts. In my judgment the proof offered was proper, and I cannot see how it could have been properly made in any other way for the purpose for which it was made. The statute authorized the amendment of the record to speak the truth, and this court has held in opinions filed at this term and in previous cases, that it is competent to make proof in the manner offered in this case for the purpose of amending the record. Upon this question the opinion of the court, as I understand it, is in conflict with other decisions and with sound legal principles.