THE PEOPLE *ex rel.* A. J. Dailey, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*city cannot evade statutory limit of taxation by permitting liability to be fixed by judgment.* A city cannot evade the statutory limitation of taxation for general purposes of $1.20 on each $100 assessed valuation by permitting a legal liability to be fixed by a judgment and adding to the rate for general purposes a rate sufficient to pay the amount of the judgment.

2. SAME—*when the certificate of highway commissioners may be amended.* Where the certificate of highway commissioners to the county clerk shows that two meetings were held, at one of which the road and bridge tax rate was fixed and at the other the amount necessary to be raised was determined, but by an apparently clerical error the same date is given for both meetings, the certificate may be amended, on application for judgment and order of sale, to show the fact the meetings were held on different dates.

3. SAME—*board of supervisors may amend its records though there has been a change in the office of county clerk.* The board of supervisors, at its June meeting, may, by resolution, amend the record of its September meeting to show the approval by the board, at that time, of the certificates of levies for road and bridge purposes, where such action was, in fact, taken at the September meeting but the record thereof omitted by the county clerk; and the fact that there is a different county clerk when the June meeting is held does not affect the right of the board to make the amendment, nor is such right dependent upon an order of the court under section 191 of the Revenue act.

4. AMENDMENTS—*right of collective body to amend its records.* A collective body having a clerk employed or authorized by law to

keep its records has control over them and may amend them at any time according to the fact even though they have once been approved, and such body may direct its clerk to make the amendment, and when so acting under its direction it is immaterial whether or not the clerk was the individual filling the office at the time of the transaction recorded.

Appeal from the County Court of Coles county; the Hon. John P. Harrah, Judge, presiding.

George B. Gillespie, (L. J. Hackney, H. A. Neal, and Gillespie & Fitzgerald, of counsel,) for appellant.

R. G. Hammond, State's Attorney, Charles C. Lee, L. T. Yeargin, and T. N. Cofer, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The appellant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, objected to the rendition of judgment against its property for taxes of the year 1914 returned as delinquent in Coles county. Its objections were sustained as to some items and overruled as to others and judgment was rendered accordingly.

One objection was to a portion of a tax of $1217.50 levied on the appellant's property as the city tax of the city of Charleston. The appellant paid the tax except $441.68 and objected to that amount as illegal. The court sustained the objection to the extent of $219.16 and rendered judgment for $222.52. The annual appropriation bill of the city made appropriations amounting to $83,200 for the fiscal year ending May 1, 1915. In that bill there were appropriations of $2000 to pay two bonds maturing July 1, 1915, $1000 for the payment of a bond due January 1, 1915, $10,000 for the payment of bonds maturing in January, 1914, $3700 for interest on the city's bonded indebtedness and $1000 to be kept in the sinking fund to pay outstanding bonds. The tax levy ordinance provided

that $46,650 was to be raised by fines, licenses, moneys on hand and other sources of revenue, and the balance, $36,550, was levied as a tax. That levy included $11,000 to pay bonds, $3500 for interest and $1000 for the sinking fund, the aggregate being $2200 less than the appropriations. The statutory limit of taxation for general purposes was $1.20 on each $100 assessed valuation of property. In addition to the general purposes a library tax was included in the appropriation bill and tax levy ordinance, for which twelve cents on each $100 valuation was permitted, and the city was authorized to levy an additional tax for the payment of bonds and interest. Included in the tax levies was the sum of $5000 to pay a judgment against the city, but it could not exceed the statutory limitation to pay that judgment. A city cannot evade the statute by permitting a legal liability to be fixed by way of judgment. (*Chicago and Alton Railroad Co.* v. *People,* 177 Ill. 91.) The rate extended was $3.06 on each $100 of the assessed valuation of property, which exceeded the limitation for general purposes, library tax and payment of bonds and interest. The appellant examined a witness to show that a part of the levy for the payment of bonds and interest was to recover back part of the city's share of a bonded indebtedness not paid by it. His statement was not clear or definite, but it appears to us that the levy was all fairly included for the payment of bonded indebtedness. The equalized valuation of the appellant's property in the city was $39,791. The tax was illegal to the extent of $385.81, and the judgment should have been for $55.87 instead of $222.52.

The appellant objected to the road and bridge taxes of the towns of Charleston, Ashmore, LaFayette and Mattoon. One objection was limited to the road and bridge tax of the town of Charleston, and was that the certificate of the commissioners of highways to the county clerk showed that the meetings to determine the rate required under sec-

tion 50 of the Road and Bridge law and to determine the amount necessary to be raised, as required by section 56 of that law, were both held on September 1, 1914, which was the first Tuesday in September, and that there were not two separate meetings, as required by law. The original certificate filed with the county clerk certified' that at the regular semi-annual meeting held between the first Tuesday in August and the first Tuesday in September, to-wit, on the first Tuesday in September, 1914, the board fixed and determined the tax rate at sixty-one cents on each $100, and that the board at its regular meeting on September 1, 1914, which was the first Tuesday in September, determined the amount to be raised by taxation as $9559. The certificate was dated September 1, 1914, and bore a file-mark of August 29, 1914. The certificate stated that a meeting was held between the first Tuesday in August and the first Tuesday in September, but gave the date of that meeting September 1, which was the first Tuesday in September. As the certificate stated that two meetings were held, one between the first Tuesday in August and the first Tuesday in September and the other on the first Tuesday in September, it was evident that the certificate contained a clerical error and that the file-mark was probably an error also. By leave of the court the commissioners were permitted to file an amended certificate, which showed that at the regular semi-annual meeting held on August 29, 1914, a tax rate was fixed, and at a meeting held on September 1, 1914, (the first Tuesday in September,) the amount to be raised was determined. The amendment was authorized by section 191 of the Revenue act.

An objection which applied to the road and bridge tax of all four towns was that the certificates of levy were never submitted to the board of supervisors and approved by the board, and that no order was entered on the supervisors' record showing the approval and authorizing the extension of the taxes. The supervisors' record of the Sep-

tember meeting, 1914, and of meetings held afterward before the June meeting, 1915, showed nothing concerning the taxes. At the time the county clerk extended the road and bridge taxes there was nothing on the record of the board of supervisors to show that the board ever had the certificates of levy before it or ever had approved or acted on the same in any way. Afterward, at the June meeting, 1915, of the board, a resolution was adopted by unanimous vote, reciting that at the meeting of the board on September 14, 1914, the highway commissioners of each town had certified their respective levies for road and bridge purposes to the county clerk, and that a resolution of the board (a copy of which was contained in the resolution of June, 1915,) approving the taxes and amounts levied and giving the names of the separate towns and amounts levied was offered and duly passed by the board, upon which all the members voted "aye," but that the county clerk failed to record the resolution upon the records of the board for the said meeting. It was therefore resolved that the record be amended by inserting therein a copy of the resolution so adopted at the September, 1914, meeting, and this resolution was unanimously adopted. The amendment of the supervisor's record was not made by leave of the court nor entered of record by the person who was clerk in 1914, and it is argued that the only authority for any amendment was contained in section 191 of the Revenue act and must be made by leave of court, and that the record could only be amended by the person who was clerk at the time the proceedings were had and during his or her term of office. Jennie S. Boulware was county clerk at the time of the September meeting in 1914 but was not such clerk in 1915, when the record was amended. She testified to a memorandum which she made on a card, showing a motion and a vote concerning the levies of the taxes, but she neither made any record of the action in the records of the board nor did she ever amend

the record while she was in office.    The rule that an amendment by a clerk must be by the person who held the office at the time the record was made and during his term of office does not apply to this case, for the reason that the amendment was the act of the board and not of the clerk. A collective body having a clerk employed or authorized by law to keep its records has control of them and may amend them at any time according to the fact, even if they have once been approved.    Such a body may direct its clerk to make an amendment, and when so acting under its direction it is immaterial whether he was the individual filling the office at the time of the transaction recorded or not.    The right to make such an amendment does not depend upon section 191 of the Revenue act, but it is common to legislative bodies and collective bodies generally.    *Turley* v. *County of Logan,* 17 Ill. 151; *Town of St. Charles* v. *O'Mailey,* 18 id. 407; *People* v. *Madison County,* 125 id. 334; *Ryder's Estate* v. *City of Alton,* 175 id. 94; *People* v. *Zellar,* 224 id. 408.

The decision in the case of *People* v. *Carr,* 265 Ill. 220, that a resolution of what had been done in the past was ineffective, was not on the ground that the commissioners could not amend the record of a meeting held by them to correspond with the truth.    On the contrary, it was said that they could have made such an amendment, and if the record had been amended it could not have been contradicted by parol.    The commissioners had not, in fact, amended the record nor ordered an amendment.

The judgment is affirmed except as to the city tax of the city of Charleston.    As to that tax the judgment is reversed and the cause is remanded to the county court, with directions to enter judgment for $55.87.

*Reversed in part and remanded, with directions.*