THE PEOPLE ex rel. William Piatt Smith, County Collector, Appellee, vs. THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*written objections need not be preserved by bill of exceptions.* Written objections to the collector's application for judgment and order of sale are a part of the record and are preserved for review on appeal if included in the certified transcript of the record, and they need not be saved by a bill of exceptions.

2. SAME—*the highway commissioners' certificate for road and bridge taxes need only state amount.* The certificate of the highway commissioners for the road and bridge tax need only state the amount required and need not certify the tax rate nor itemize the various purposes for which the tax is required.

3. SAME—*when record of commissioners shows sufficient determination of amount.* The record of a meeting of highway commissioners showing that a meeting was held "and it was decided to make a levy of $6500, which was done. Following is a copy of the certificate of tax levy," which copy states that the commissioners have determined that the sum of $6500 shall be levied for the proper construction, maintenance and repair of roads and bridges, shows a sufficient determination of the amount required. (*People v. Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516, followed.)

4. SAME—*when record of highway commissioners is sufficient.* A record consisting of a copy of the certificate of the highway commissioners stating that they have determined the amount necessary to be raised by taxation for the construction, maintenance and repair of roads and bridges, is a sufficient record of their action in determining the amount given in the certificate. (*People v. Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516, followed.)

5. SAME—*record of first meeting of commissioners need not show for what tax the rate is fixed.* The record of the meeting of highway commissioners required by section 50 of the Roads and Bridges act of 1913 need not state for what tax the rate is fixed, as there is only one tax for which the commissioners are authorized to fix a rate.

6. The other question involved is controlled by the decision in *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (*ante,* p. 203.)

APPEAL from the County Court of Piatt county; the Hon. WILLIAM A. DOSS, Judge, presiding.

CHARLES F. MANSFIELD, (N. S. BROWN, of counsel,) for appellant.

THOMAS J. KASTEL, State's Attorney, A. C. EDIE, JAMES HICKS, and CARL S. REED, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Wabash Railroad Company appealed from the judgment of the county court of Piatt county, which overruled its objections and rendered judgment and order of sale against its property for the road and bridge taxes of the towns of Bement, Cerro Gordo, Blue Ridge, Sangamon and Unity.

The written objections of the appellant have been included by the clerk in a certified transcript of the record but are not contained in the bill of exceptions. The appellee contends that the objections can only be made a part of the record by bill of exceptions and therefore cannot be considered by the court. Section 191 of the Revenue act directs that the court examine the delinquent list, "and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be." We have held that the delinquent list is a part of the record serving the office of a declaration stating what is the cause of action. (*Wiggins Ferry Co.* v. *People,* 101 Ill. 446.) The written objections state the issue upon which the cause is submitted for hearing. They constitute the statement of the defense and must be regarded as a part of the record. *People* v. *Chicago, Rock Island and Pacific Railway Co.* 269 Ill. 513.

The objections urged to the judgment for the road and bridge taxes for the town of Unity are, that the commissioners did not certify the tax rate or itemize the amounts required for the various purposes mentioned in their certificate, and that in determining the amounts necessary to be raised by taxation they did not itemize the amounts required for various purposes. It was held in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 527, that this was not necessary.

The same objections were made to the road and bridge tax of the town of Cerro Gordo. There was a further objection that at the meeting on the first Tuesday in September there was no determination of the amount necessary to be raised by taxation for the proper construction, maintenance and repair of roads and bridges. The record shows a meeting was held, "and it was decided to make a levy of $6500, which was done. Following is a copy of the certificate of tax levy." The copy which followed stated that the commissioners certified that they had determined that there should be levied upon all the taxable property in said town for the proper construction, maintenance and repair of roads and bridges the sum of $6500. Such a record was held sufficient in *People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516.

In the town of Blue Ridge the same objections were made as in the case of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* (*ante,* p. 203,) and the records in the two cases are identical. It was there held that the objections were properly overruled.

The additional objection was made as to the taxes in the towns of Bement and Sangamon that the records of the meetings on the first Tuesday in September did not show any corporate action taken by the commissioners for the determination of the amount of money to be raised by taxation for the proper construction, maintenance and repair of roads and bridges. The record in each consists of a copy

of the certificate of the commissioners stating that they had determined the amount necessary to be raised by taxation for those purposes, and in accordance with the decision in · *People* v. *Cincinnati, Lafayette and Chicago 'Railroad Co. supra,* this was sufficient.

It is further objected that in these two towns it did not appear in the record of the first meeting of the commissioners for what tax they were fixing the rate. There was only one tax for which they were authorized to fix a rate and their action necessarily referred to that tax.

The judgment of the county court is affirmed.

*Judgment affirmed.*