THE PEOPLE *ex rel.* Frank Stoutenborough, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*what need not be contained in certificate of amount required for road and bridge taxes.* The certificate of the highway commissioners of the amount required for road and bridge purposes need only state in a lump sum the amount required for the purpose of construction, maintenance and repair of roads and bridges, and need not state the rate of tax determined upon nor any jurisdictional facts relative to the levy.

2. SAME—*when the record of board of supervisors shows sufficient approval of levies.* The record of the meeting of the county board showing the adoption of a resolution by the board approving "the road and bridge levies of each and all the townships (which are now on file and presented by the clerk before this board,)" etc., shows a sufficient approval of certificates of highway commissioners on file and indorsed approved. (*People* v. *Illinois Central Railroad Co.* 266 Ill. 636, distinguished.)

APPEAL from the County Court of DeWitt county; the Hon. FRED C. HILL, Judge, presiding.

HERRICK & HERRICK, and LEMON & LEMON, (JOHN G. DRENNAN, of counsel,) for appellant.

L. O. WILLIAMS, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Illinois Central Railroad Company prosecutes this appeal from the judgment of the county court of DeWitt county overruling its objections and entering judgment and order of sale against its property for the road and bridge taxes of the towns of Clintonia, Tunbridge and Santa Anna, levied in 1914, and amounting, in the aggregate, to $1420.02.

The commissioners of highways in all of said towns met in their respective towns at their regular semi-annual meeting between the first Tuesday in August and the first Tues-

day of September, 1914, and determined the tax rate to be certified by them to the county board of DeWitt county. The dates of the said meetings and the rates determined by the commissioners in said three towns are shown by the record in this case to be as follows: For the town of Clintonia the date of said meeting was August 20, 1914, and the rate determined was forty-five cents on each $100 valuation of the taxable property; for the town of Tunbridge the date of said meeting was August 8, 1914, and the said rate determined was fifty cents; and for the town of Santa Anna the date of its semi-annual meeting was August 23, 1914, and the said rate determined was sixty-one cents. The commissioners in all of said towns also met in their respective towns at their regular annual meeting on the first Tuesday in September, 1914, the same being on September 1, 1914, and determined and certified to the board of supervisors of the said county the amount necessary to be raised by taxation in their respective towns for the proper construction, maintenance and repair of roads and bridges therein. The said certificates were filed in the office of the county clerk of said county on September 1, 1914, except the one from the commissioners of Santa Anna, which was filed on September 2, 1914, and all of said certificates were indorsed with this indorsement: "Approved by county board the 10th day of Sept., A. D. 1914." The board of supervisors of said county as to said certificates so filed made the following order, as shown by their records, on September 10, 1914, to-wit: "Be it further resolved by this board, that after due consideration we hereby approve the road and bridge levies of each and all the townships, (which are now on file and presented by the clerk before this board,) * * * and hereby direct the county clerk to extend the same as they have been certified to him according to law."

Appellant objected to the entry of the judgment against its property because the certificates filed with the county

clerk do not show that said commissioners held their regular semi-annual meetings aforesaid to determine the rate to be certified, and that the certificates do not state all the jurisdictional facts necessary to give the county board jurisdiction to order the extension of the taxes, and that they state the amounts to be levied in gross sums, without giving the separate amounts for each purpose of the levy. Section 56 of the Roads and Bridges act of 1913 prescribes the only requirements necessary to be found in the certificate to the county board. That section does not require that the certificate shall contain the rate of taxation, or that it shall name the separate amounts required for the construction, maintenance and repair of roads and bridges, or that it state any jurisdictional facts whatever. It requires only that the commissioners shall certify the amount necessary to be raised by taxation for the three purposes, construction, maintenance and repair of roads and bridges, and it is sufficient merely to state the lump sum required for those purposes. The certificates in question did that in each instance and were therefore not subject to the objections raised. *People* v. *Illinois Central Railroad Co.* 270 Ill. 485; *People* v. *Wabash Railroad Co.* (*ante,* p. 206;) *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 270 Ill. 527.

A further objection of the appellant is that the items or the amount of the road and bridge taxes named in said certificates to the county board was not considered and approved at its September meeting, 1914. We think the record of the county board sufficiently shows those facts. The record of the county board above quoted shows a resolution of the board that after due consideration it approved the road and bridge levies of each and all the townships. Then follows a clause in parenthesis stating, in substance, that the certificates of all the townships in the county were on file then, and were then,—that is, at the time of the resolution,—presented by the clerk before the board. The

271 — 15

certificates themselves are indorsed approved on the same day the resolution of the county board bears date. The proof is complete, therefore, by the record, that the certificates in question were on file and were presented before the board and considered and approved by the board on September 10, 1914.

This record is materially different from the record in the case of *People* v. *Illinois Central Railroad Co.* 266 Ill 636, which was also made by the county board of DeWitt county and which this court held insufficient.

The judgment of the county court is affirmed.

*Judgment affirmed.*