THE PEOPLE *ex rel.* Frank Stoutenborough, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. TAXES—*what a sufficient record to show a.compliance with section 56 of Roads and Bridges act.* The entry in the record of highway commissioners of a certificate signed by them certifying the amount required for the proper construction, maintenance and repair of roads and bridges and bearing the date of the first Tuesday in September shows a compliance with section 56 of the Roads and Bridges act of 1913. (*People v. Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516, followed.)

2. SAME—*highway commissioners need not certify the rate of tax.* The statute does not require the highway commissioners to certify the rate of the tax required for road and bridge purposes but only the amount.

3. The other questions involved are controlled by the decision in *People v. Illinois Central Railroad Co.* 271 Ill. 223.

APPEAL from the County Court of DeWitt county; the Hon. FREDERICK C. HILL, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, HERRICK & HERRICK, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

L. O. WILLIAMS, State's Attorney, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The appellant railroad company filed objections to the road and bridge tax of the town of Santa Anna for the year 1914, returned as delinquent in DeWitt county to the amount of $254.16. These objections were overruled in the county court and this appeal taken.

Appellant argues that the judgment of the county court of DeWitt county should be reversed for the following reasons: (1) The amount of revenue necessary for the ensuing year was not determined, as required by law, on the first Tuesday in September, 1914; (2) the tax rate was not certified to the board of supervisors of DeWitt county as required by statute but the clerk determined the rate; (3) the certificate of levy was not presented to and approved by the board of supervisors of DeWitt county, nor did said board of supervisors direct the clerk to extend the tax.

*First*—The record in this case shows that on the first day of September, 1914, all the highway commissioners of said township met and signed a certificate bearing date September 1, 1914, the material part of which reads as follows:

*"To the Board of Supervisors of the County of DeWitt and State of Illinois:*

"We, the commissioners of highways of the town of Santa Anna, in said county, do hereby certify that we have determined that the amount necessary to be raised by taxation in said town for the ensuing year, for the proper construction, maintenance and repair of roads and bridges in such town, is the sum of six thousand seven hundred thirty-three and 97-100 dollars ($6733.97.)"

The said certificate bears the following indorsements: "Filed in my office this 2d day of September, A. D. 1914.—

E. F. Campbell, County Clerk of DeWitt county." "Approved by county board the 10th day of September, A. D. 1914." The evidence in the record also shows that said certificate was, in fact, filed with the county clerk on the 2d day of September, 1914, and that a copy of said certificate signed by all the highway commissioners was pasted in the record book of the highway commissioners. The town clerk of said township, R. S. McBride, testified that there was a meeting of said board of commissioners of highways held on the first day of September, 1914, and that they signed the said certificate on said day in his office.

The foregoing evidence is a sufficient showing that the amount of revenue for said township was determined, as required by law, on September 1, 1914. In the case of *People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516, it was held by the court that the entry in the record of the highway commissioners of a certificate similar to the one in question here and signed by all of the highway commissioners was sufficient record proof to show compliance with section 56 of the Road and Bridge law of 1913.

*Second and third*—These two objections were disposed of by this court in the case of *People* v. *Illinois Central Railroad Co.* 271 Ill. 223, on a record containing the identical state of facts as the record in the instant case, the bill of exceptions in both cases being identical in so far as it pertains to these two objections. For the same reasons given in that case we hold that the county court ruled correctly in overruling the objections 2 and 3 of appellant.

The judgment of the county court is affirmed.

*Judgment affirmed.*