THE PEOPLE *ex rel.* James Ryan, County Collector, Appellee, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY, Appellant.

*Opinion filed June 22, 1916.*

1. TAXES—*when it is proper to levy a gross sum for several purposes.* It is proper for a county to levy a gross sum for several purposes where the several purposes are embraced within the same general designation, such as a levy of a gross sum "for the payment of fees and salaries and clerk hire of the various county officers."

2. SAME—*parol testimony is admissible to show what portion of gross levy is authorized.* The fact that a county has levied a greater gross sum for salaries, fees and clerk hire of the various county officers than it is entitled to does not render the whole levy illegal, and parol testimony is admissible to show what portion of the gross sum levied is authorized by law.

3. SAME—*what record is sufficient to show meeting of highway commissioners.* A record made by the town clerk showing a meeting of the board of town auditors on the first Tuesday in September, and showing, on the same day, the action of the highway commissioners in making a levy of a certain amount for roads and bridges, is sufficient to show a meeting of the commissioners on that day.

4. SAME—*the fact that meeting was not held cannot be shown solely by testimony of witness.* As the action of highway commissioners can only be shown by the record, the fact that they did not hold a meeting required by law cannot be shown solely by the testimony of the town clerk that no such meeting was held.

5. SAME—*what does not sustain levy of road and bridge taxes.* If the record of the highway commissioners shows that at the meeting on the first Tuesday in September they determined the

rate of the road and bridge tax but not the amount, testimony by the county clerk that the commissioners certified to him the levy of a certain amount for road and bridge taxes does not, in the absence of amendment of the record, authorize sustaining the tax.

APPEAL from the County Court of Logan county; the Hon. CHARLES J. GEHLBACH, Judge, presiding.

W. A. COVEY, (SILAS H. STRAWN, of counsel,) for appellant.

EVERETT SMITH, State's Attorney, (McCORMICK & MURPHY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Logan county against the property of appellant for taxes for the year 1914.

Appellant first objects to its part of the county tax, including the item of $22,500 "for the payment of fees and salaries and clerk hire of the various county officers." It is objected, first, as to this item, that it is for more than one purpose and fails to designate the amount for each purpose separately. It is not necessary or practicable that each particular purpose for which a tax is levied shall be specifically stated. No valid objection can be urged to levying a gross sum for several different purposes where the several purposes are embraced within the same general designation. (*People* v. *Bowman,* 253 Ill. 234; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 id. 196.) In *People* v. *Illinois Central Railroad Co.* 271 Ill. 236, a levy "for fees and salaries, $1000," was held valid. No distinction can be made between that case and this as to separating the items for which the levy was made. The fees, salaries and clerk hire of the various county officers were properly included in the levy under the same general designation.

The proof taken on the hearing showed that the fees, salaries and clerk hire for these officers for the year in

question amounted to $9926. The county court sustained
objections to all of this item in excess of this last named
amount. It is insisted that as part of the levy was illegal
the whole levy was therefore necessarily illegal, and parol
evidence was improperly received to show what part was
for an amount unauthorized by law; that the records of
the county court cannot be changed or varied by parol tes-
timony. It has always been a rule of law in this State that
if a part of an assessment is illegal and that which is legal
can be separated from that which is illegal, judgment can,
and should, be rendered only for that which is legal. (*Bris-
coe* v. *Allison,* 43 Ill. 290; *People* v. *Nichols,* 49 id. 517;
*Mix* v. *People,* 72 id. 241; *Cincinnati, Indianapolis and
Western Railway Co.* v. *People,* 212 id. 518; 1 Cooley on
Taxation,—3d ed.—591, 592, and cases cited; 21 Ency. of
Pl. & Pr. 419.) This court in *People* v. *Toledo, St. Louis
and Western Railroad Co.* 265 Ill. 502, and *People* v. *To-
ledo, St. Louis and Western Railroad Co.* 266 id. 112, per-
mitted the separation of legal from illegal assessments on
practically the same items that are here involved and sus-
tained the tax for that portion which was legal. The au-
thorities cited by counsel to the effect that the acts of public
bodies must be shown by the record and that the record can
not be changed or varied by parol are not in point here.
No attempt is made to change the record showing the levy
made by the county board. The oral testimony is only to
show what part of that levy was legal and what illegal.
The county court rightly sustained the tax as to the levy
for the portion of this item that was shown by the testi-
mony to be legal.

Counsel for appellant filed various objections as to the
road and bridge taxes for several of the towns of Logan
county. As to Prairie Creek township it was objected that
there was no record of the meeting of the commissioners on
the first Tuesday of September, as required by law. The
town clerk is the clerk of the highway commissioners. His

record shows a meeting of the board of town auditors on that day, and on the same day, as a part of the same record, appears the record of the action of the highway commissioners making a levy of $6700 for road and bridge purposes. Such a record was held sufficient in *People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516. See, also, *People* v. *Wabash Railroad Co.* 271 Ill. 206.

It is objected further that in Sheridan township there was no meeting on the first Tuesday in September. A record of such a meeting was not introduced and no proof was offered that there was no such record. Appellant apparently relies upon the testimony of the town clerk that no special meeting was held for the purpose of certifying the amount to be levied for road and bridge purposes. The action of the highway commissioners can only be shown from the record. If a meeting was held and no action taken this fact could be shown by the record, or if no meeting was held that fact could be put in evidence by testimony that the records did not show any such meeting. The absence of such a meeting cannot be proved by the testimony of the town clerk that no special meeting of the highway commissioners was held for the purpose of certifying the amount to be levied.

Counsel for appellant argue at length as to the illegality of the road and bridge taxes for the towns of Atlanta, Broadwell, Hurlbut and Corwin. In each of those cases the records of the highway commissioners were originally faulty as to one or both meetings for fixing the rate and certifying the amount of the tax to be levied, but amendments to the record were permitted in each instance, and as amended the record showed that the meeting had been held and proper action taken fixing the rate in August and fixing and ordering the proper amount to be certified at the September meeting. There can be no question, if these amendments were properly allowed, the trial court rightly overruled the objections to the road and bridge taxes as to

these four towns. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 Ill. 195; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 203; *People* v. *Illinois Central Railroad Co.* 271 id. 213, and cases cited.) It is argued at length, however, by counsel for appellant, that the proof offered was not such as to justify the amendments in each case; that the testimony indicates that the commissioners or town clerk in some of these towns, under the advice of counsel, practically manufactured the testimony to have it meet the requirements of the law. We do not deem it necessary to review the evidence for each town in detail. It is sufficient to say that we think there is no basis for any such charge. The evidence in each case was so clear and satisfactory as to justify the amendments in question. The court rightly overruled the objections to the road and bridge taxes for these four towns.

Counsel for appellant further object to the road and bridge tax for the town of Elkhart. The town clerk's record only shows that the board determined, at the meeting on the first Tuesday in September, that there should be levied upon the taxable property of the town for the construction and maintenance of roads and bridges the sum of fifty-eight cents on each $100, and the clerk testified that this was the only meeting shown by the records to have been held in September for the purpose of certifying the amount. The county clerk testified that the highway commissioners of this town certified to him a levy of the sum of $7500 for the road and bridge taxes for the year 1914 and that on this certificate he extended the levy. Section 56 of the Road and Bridge law requires that "at a regular meeting to be held on the first Tuesday in September the board of highway commissioners in each town or road district shall annually determine and certify to the board of supervisors or board of county commissioners the amount necessary to be raised by taxation for the proper construc-

tion, maintenance and repair of roads and bridges in such town or road district." This action can only be shown by the record of this meeting of the highway commissioners to be kept by the town clerk. The record here shows that they did not take the necessary action to determine the amount but only fixed the rate. (*People* v. *Illinois Central Railroad Co.* 270 Ill. 485; *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 id. 112; *People* v. *New York Central Railroad Co.* 271 id. 231.) Had the certificate that they sent to the county clerk been originally incorporated as a part of the town clerk's record of the meeting held on the first Tuesday of September, or had it been made a part of the record by amendment on satisfactory proof at the time of the hearing in the court below, or had the record been duly amended otherwise to show the fact that the commissioners did fix the amount, then, under the decisions of this court, it would have authorized this levy. (*People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* supra; *People* v. *Wabash Railroad Co.* supra; *People* v. *Illinois Central Railroad Co.* supra.) But on this record now before us the objection to this tax should have been sustained by the trial court.

The judgment of the county court will be affirmed as to the county taxes and as to the road and bridge taxes of the towns of Prairie Creek, Sheridan, Atlanta, Broadwell, Hurlbut and Corwin, and the judgment will be reversed as to the road and bridge taxes of the town of Elkhart, and the cause remanded to the county court, with directions to sustain the objections to the road and bridge taxes for that town.

*Reversed in part and remanded, with directions.*