The county treasurer and ex-officio county collector of taxes of Clay county made an application to the county court of Clay county for a judgment against appellant for alleged delinquent taxes. Appellant filed objections to said taxes, which objections were overruled by the court and judgment entered sustaining the validity of the taxes. From this judgment appellant has appealed to this court.
In each of the towns of Stanford, Clay City and Louisville there was a levy of sixty-six cents on each $100 for road and bridge purposes, and appellant claims that the levy of sixteen cents in excess of fifty cents on the $100 is illegal and void because the consent of the board of town auditors of each of said towns to such additional levy was given at a special meeting of the board and not at the regular meeting held on the Tuesday next preceding the annual meeting of the county board. The evidence shows that such consents were given at special meetings of the boards of auditors held prior to the Tuesday next preceding the annual meeting of the county board. We have held in several cases that a valid consent for the levy of a road and *Page 562 
bridge tax in excess of fifty cents on the $100 valuation of the property in the town can only be given at the regular meeting of the board of town auditors on the Tuesday next preceding the annual meeting of the county board, and that any attempted consent to such excess levy given at a special meeting of the board of auditors is invalid. The court should therefore have sustained appellant's objection to the sixteen cents levied in excess of the lawful rate for road and bridge purposes in each of said towns.
The road and bridge taxes of the towns of Oskaloosa and Larkinsburg were extended at the rate of sixty-six cents on each $100 valuation of taxable property in the towns, and it is contended by appellant that sixteen cents of the rate of sixty-six cents is illegal for the reason that the highway commissioner of each of said towns filed a certificate with the county clerk for the extension of the road and bridge taxes which showed an amount to be levied, in detail, in the sum of $4000, for which the highway commissioner determined a rate of fifty cents, and that therefore the county clerk was without authority to extend the road and bridge tax in such towns at a rate in excess of fifty cents on the $100. The certificate of the highway commissioner of each of these towns was introduced in evidence, and it had attached thereto the consents of the boards of town auditors of the respective towns to the levy of a rate of sixteen cents above the fifty cent rate, which consents had each been given at the regular meeting of the board of town auditors on September 2, 1924.
By sub-section 3 of section 50 of the Road and Bridge act (Smith's Stat. 1925, p. 2194,) it is made the duty of the commissioner of highways "to determine the taxes necessary to be levied on property within his town or district for road and bridge purposes," subject to the limitations provided in the act, and it is made his duty in determining the amount to be levied to state separately the several amounts to be levied for the various purposes for which *Page 563 
the road and bridge taxes are levied. Section 56 of the act provides that at a regular meeting to be held on the first Tuesday in September the board of highway commissioners in each town shall annually determine and certify to the board of supervisors the amount necessary to be raised by taxation for road and bridge purposes in the town for presentation to the county board at its regular September meeting for approval. It is provided, however, that the county clerk shall not extend against the taxable property of any town a rate in excess of fifty cents on each $100 valuation of the taxable property of the town unless before the first Tuesday in September the board of highway commissioners of the town shall have secured the consent in writing of a majority of the members of the board of town auditors to the extension of a rate greater than fifty cents on each $100 valuation. By section 50 of the act it is likewise provided that the commissioner of highways in each town shall be present at the town clerk's office on the first Tuesday in September of each year for the purpose of determining the tax rate to be certified by him to the county board. The law does not require the rate fixed by him to be certified to the board of supervisors. (People v. WabashRailroad Co. 271 Ill. 206; People v. Illinois Central RailroadCo. id. 221; People v. Cleveland, Cincinnati, Chicago and St.Louis Railway Co. id. 553 and 611.) That the levy of the rate determined by the commissioner of highways will not produce the exact amount which he has determined is necessary to be levied for road and bridge purposes and that such rate can at best be but a mere guess on his part is evident, as at the time of the determination of such rate the total valuation of the taxable property of the town has not been finally ascertained. This provision requiring the commissioner of highways to fix the rate is a part of a former statute which required him to fix the rate and certify it to the board of supervisors, and did not make it his duty to determine the amount of tax necessary *Page 564 
to be raised and certify the amount to the board of supervisors. While the provisions of the statute with reference to the levy of taxes for road and bridge purposes have been changed at practically every session of the legislature for many years, this old provision of the statute still remains therein. Each one of these three provisions is mandatory. A valid tax for road and bridge purposes must have as its basis a compliance with each one of these three provisions, and any portion of a tax levied in excess of either the rate fixed, the amount determined or the amount certified is invalid as to such excess, and accordingly it was held in People v. New YorkCentral Railroad Co. 270 Ill. 636, People v. Cincinnati,Lafayette and Chicago Railroad Co. 271 id. 487, and People v.Illinois Central Railroad Co. 295 id. 408, that road and bridge taxes cannot legally be extended at a greater rate than fixed by the highway commissioner of a town, even though such higher rate is necessary to produce the amount certified by the highway commissioner to the county clerk. In the instant case in each town it appears that the highway commissioner made an itemized determination of the taxes necessary to be levied in accordance with the law. He also determined that a tax of fifty cents on each $100 valuation should be levied for road and bridge purposes, which was the highest rate which could be levied upon his certificate without the consent of the board of town auditors. The evidence shows that in each town the highway commissioner, after having made such determination of the amount and rate, made another determination that "the rate necessary to be levied upon all the taxable property of said town is in excess of the amount required by law unless consent is given thereto by a majority of the board of town auditors," and determined that the rate of sixty-six cents on each $100 valuation was necessary to be levied, and he appeared before the board of town auditors at its regular meeting and requested consent in writing to the levy of such excess, which consent in writing was *Page 565 
granted and attached to and made a part of the certificate of the highway commissioner filed with the county clerk. This case differs from the cases above cited, as in each of them the highway commissioner had made but a single determination of a rate, while in each instance in this case he had made the second determination. In each instance the commissioner of highways complied with the three mandatory requirements of the law and in his certificate stated the amount necessary to be raised by taxation, setting out in detail the various purposes for which the tax was to be levied and the amount needed for each item, which itemized amounts in each town totaled $4000. The road and bridge taxes of the towns of Oskaloosa and Larkinsburg had as their basis each one of the mandatory requirements of the statute, and the court properly overruled appellant's objections thereto.
Appellant objected to certain school taxes of school districts Nos. 33 and 42 on the ground that such taxes were in excess of the amount allowed by law to be levied on the taxable property of the respective school districts. It is contended by appellee that there is no evidence in this record of the amount of assessed valuation of property owned and liable for taxes in these school districts; that there was no proof before the court of the amount of taxes paid by appellant in these school districts for school purposes and no evidence that the court rendered judgment for an unpaid balance in any sum in excess of the legal rate; that in the absence of a contrary showing every presumption is to be indulged in favor of the legality of the acts of taxing officers, and that a tax is presumed to be just until overcome by clear and convincing proof. While the evidence does not show the amount of the assessed valuation of the property owned by appellant and liable for taxes in these school districts and there is no proof as to the amount of the taxes paid by appellant, there is evidence that appellant owned property in these districts, and there is evidence as *Page 566 
to the amount of its school taxes which were unpaid and for which judgment was rendered. It was stipulated by the parties in the trial court that the county clerk extended a rate of three dollars on each $100 of appellant's property in school district No. 33 for school taxes for the year 1924, and it was also stipulated that the school tax in school district No. 42 was extended at a rate of four dollars on each $100 valuation of property. In this district, by a vote of the people, an additional rate of one dollar on each $100 valuation had been authorized for additional purposes. In school district No. 33 no additional tax had been authorized by a vote of the people. As to the tax in school district No. 33 it was stipulated that twenty-five cents on each $100 valuation amounted to $373.89 on appellant's property in that district. As to the taxes on appellant's property in school district No. 42 it was stipulated: "The objector is objecting to the twenty-five cents excess above $3.75, the amount of taxes objected to being $60.64." It is evident from these stipulations that the county clerk in extending the taxes in each of those school districts extended the same at rates greater than those allowed by section 189 of the School law, (Smith's Stat. 1923, p. 1920,) and the county court should have sustained appellant's objection to such excess in each of said districts.
The judgment appealed from included road and bridge taxes of the town of Harter, village taxes of the villages of Louisville, Xenia and Clay City, and city taxes of the city of Flora. Appellant in its brief says that the judgment should be affirmed as to these taxes.
The judgment of the county court will be affirmed as to the road and bridge taxes of the towns of Oskaloosa, Larkinsburg and Harter, the village taxes of the villages of Louisville, Xenia and Clay City and the city taxes of the city of Flora, and will be reversed as to the excess road and bridge taxes of the towns of Louisville, Stanford and Clay City, amounting to $176.55 in the town of Louisville, *Page 567 
$213.76 in the town of Stanford and $137.01 in the town of Clay City, and reversed as to the excess of school taxes levied in school districts Nos. 33 and 42, amounting to $373.89 in district No. 33 and $60.64 in district No. 42.
Affirmed in part and reversed in part.